Nathaniel REVELL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 05–92–02928–CR.

Court of Appeals of Texas,
Dallas.

Aug. 30, 1994.

John G. Tatum, Dallas, for appellant.

Teresa Tolle, Dallas, for appellee.

Before LAGARDE, BURNETT and MALONEY, JJ.

## OPINION

MALONEY, Justice.

The jury convicted Nathaniel Revell, Jr. of aggravated robbery and assessed a twenty-five year sentence. In three points of error, appellant asserts the trial court erred in: (1) admitting Department of Motor Vehicle records; (2) allowing improper jury argument, and (3) orally communicating with the jury. He also argues the evidence was insufficient to show that he used a deadly weapon. We affirm the trial court's judgment.

## BACKGROUND

John McCurdy was a United Parcel Service (UPS) driver. He regularly delivered packages to the Rolex Building.

McCurdy had parked his truck at the rear of the Rolex Building to deliver packages. As he was sorting packages, appellant approached the truck. Appellant asked McCurdy if his name was John. Appellant then put his right hand on McCurdy's elbow, grasped him in a "hug," and held a knife to his neck. McCurdy pulled away from appellant, ran ten to fifteen steps, and stopped. Appellant asked McCurdy where was the "silver bag."[1] Appellant took several pack-

ages from the truck and left the scene on foot.

## SUFFICIENCY OF THE EVIDENCE

In his first point of error, appellant asserts that insufficient evidence existed to prove he used a deadly weapon in the course of the robbery. Consequently, the proof cannot support a conviction for aggravated robbery. He does not challenge the sufficiency of the evidence to support any of the other elements of aggravated robbery.

### 1. Standard of Review

When an appellant challenges the sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution. We determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jones v. State*, 833 S.W.2d 118, 122 (Tex.Crim.App.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993). We find the evidence sufficient to sustain the conviction if the collective weight of all the incriminating circumstances warrants the conclusion. *Livingston v. State*, 739 S.W.2d 311, 330 (Tex.Crim.App. 1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988).

The factfinder is the sole judge of the witnesses' credibility and the testimony's weight. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). The factfinder may reject all or part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). The factfinder need not believe even uncontroverted testimony. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex. Crim.App. [Panel Op.] 1978). The factfinder may draw reasonable inferences from the evidence. *Benavides v. State*, 763 S.W.2d 587, 588–89 (Tex.App.—Corpus Christi 1988, pet. ref'd). We do not disturb the factfinder's decision unless it is irrational or sup-

---

1. The "silver bag" or "smalls bag" is the bag that contained the watches UPS was delivering to Rolex for repair.

ported by only a "mere modicum" of evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). We do not substitute our judgment for that of the factfinder. *Lockett v. State*, 874 S.W.2d 810, 813 (Tex. App.—Dallas 1994, pet. ref'd).

## 2. Applicable Law

### a. Aggravated Robbery

A party commits the offense of robbery if in the course of committing theft and with the intent to obtain or maintain control of property, he knowingly or intentionally threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1994). If a person uses or exhibits a deadly weapon during the commission of a robbery, the offense becomes an aggravated robbery. TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon 1994).

### b. Deadly Weapon

■ When an indictment alleges that appellant "used or exhibited a deadly weapon, to-wit: a knife," the evidence must establish that the knife was in fact "deadly." *Lockett*, 874 S.W.2d at 814; *Jones v. State*, 843 S.W.2d 92, 96 (Tex.App.—Dallas 1992, pet. ref'd). A knife is not a "deadly weapon per se." [2] *Thomas v. State*, 821 S.W.2d 616, 620 (Tex.Crim.App.1991). Texas defines a deadly weapon as:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

TEX.PENAL CODE ANN. § 1.07(a)(17) (Vernon 1994).

■ "Serious bodily injury" is "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX.PENAL CODE § 1.07(a)(46) (Vernon 1994). If the evidence does not show that the knife caused death or serious bodily injury, then the State must produce evidence that shows the knife: (1) was capable of causing serious bodily injury; and (2) was displayed or used in a manner which establishes the intent to cause death or serious bodily injury. *Lockett*, 874 S.W.2d at 814. A person need not be wounded for a knife to be used as a deadly weapon. *Denham v. State*, 574 S.W.2d 129, 130 (Tex.Crim.App.1978).[3]

■ The State need not introduce expert testimony to establish the "deadly" nature of a knife. *Lockett*, 874 S.W.2d at 814. But expert testimony can be "particularly useful in supplementing meager evidence" on the deadly nature of a weapon. *Davidson v. State*, 602 S.W.2d 272, 273 (Tex.Crim.App. [Panel Op.] 1980).

■ We examine each case on its own facts to determine whether the factfinder could have concluded from the surrounding circumstances that the knife was used as a deadly weapon. *Brown v. State*, 716 S.W.2d 939, 947 (Tex.Crim.App.1986). We can consider a defendant's verbal threats, the distance between the defendant and the victim, and the witness's description of the knife in determining whether a defendant intended to use his knife as a deadly weapon. *Id.* at 946; *Tisdale v. State*, 686 S.W.2d 110, 115 (Tex. Crim.App.1985) (op. on reh'g); *Lockett*, 874 S.W.2d at 814.

---

2. In this opinion, we use the term "deadly weapon per se" to mean a weapon that is manifestly made or adopted for the purpose of causing serious bodily injury or death. TEX.PENAL CODE ANN. § 1.07(a)(17)(A) (Vernon 1994). We recognize that the concept of "deadly weapon per se" has changed under the new penal code. *See Thomas v. State*, 821 S.W.2d 616 (Tex.Crim.App. 1991). The *Thomas* court held that "bayonets, scimitars and swords of various kinds" can be deadly weapons as defined in section 1.07(a). *Id.* at 620.

3. Conversely, wounds do not mandate a finding that a knife was used as a deadly weapon. *See Harris v. State*, 562 S.W.2d 463 (Tex.Crim.App. 1978) (cut on elbow, chin and under throat—insufficient to support finding of a deadly weapon); *Danzig v. State*, 546 S.W.2d 299 (Tex.Crim. App.1977) (victim stabbed in back, arm and nose—insufficient to support finding of deadly weapon); *Barnes v. State*, 172 Tex.Crim. 303, 356 S.W.2d 679 (1961) (two cuts on back, one on eyebrow and the end of a finger—insufficient to support deadly weapon finding).

### 3. Application of Law to Facts

The indictment charged appellant with aggravated robbery. It alleged as the aggravating element that the appellant "use[d] and exhibit[ed] a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury."

The State did not introduce the knife into evidence. No evidence showed that the knife was "manifestly designed, made, or adapted for the purpose of inflicting death or bodily injury." McCurdy did not see the knife.

#### a. Objective Capacity

Appellant relies on our *Lockett* opinion as authority that the weapon in this case is not deadly. Appellant misplaces his reliance. In *Lockett*, there was no evidence the knife was objectively capable of causing serious bodily injury or death. *Lockett*, 874 S.W.2d at 815.

In this case, there is no evidence of the size of the knife. However, McCurdy testified that he pulled appellant's hand away. It was then that McCurdy noticed his hand was cut. McCurdy thought his hand was cut by appellant's knife. McCurdy's finger was "sliced open" and he was "bleeding all over the parking lot." The wound required several stitches to close it. The Rolex Building's security guard described McCurdy as having "blood all over him" after the robbery.

Viewing the record as a whole, we find the evidence of the severity of the wounds inflicted by the knife sufficient to support the jury's implicit deadly weapon finding. Any factfinder could have concluded beyond a reasonable doubt that appellant's knife was objectively capable of causing death or serious bodily injury.

#### 2. Assertive Conduct

Appellant also relies on *Lockett* as authority that no evidence showed he demonstrated an intent to inflict death or serious bodily injury on McCurdy. Appellant misplaces his reliance.

In *Lockett*, Lockett did not use the knife assertively against the complainant's person. Rather, Lockett used his knife to cut the purse strap. *Lockett*, 874 S.W.2d at 815–16.

The complainant cut her fingers when she reached out to grab her purse. *Id.*

Here, appellant did not verbally threaten McCurdy. However, McCurdy testified that appellant grabbed him from behind and held a knife to his throat. Appellant's use of physical force in placing the knife against McCurdy's throat shows assertive conduct sufficient to support the jury's verdict.

We overrule appellant's first point of error.

### ADMISSION OF EVIDENCE

In his second point of error, appellant argues the trial court erred in admitting Department of Motor Vehicle records of license plate numbers (State's exhibits 32 and 33). He contends the records were not relevant.

#### 1. Standard of Review

An appellant must present to the appellate court a sufficient record demonstrating reversible error. TEX.R.APP.P. 50(d); *O'Neal v. State*, 826 S.W.2d 172, 173 (Tex.Crim.App.1992); *Greenwood v. State*, 823 S.W.2d 660, 661 (Tex.Crim.App.1992).

#### 2. Application of Law to Facts

Several witnesses saw a green or aqua Ford Explorer parked near the Rolex Building about the time of the robbery. A witness took down the license number. Barry Dyson, an investigator with the Dallas County District Attorney's office, ran a number of, but not all possible, variations of the license number through the Department of Motor Vehicle's computer. State's exhibits 32 and 33 are the printouts of Dyson's computer searches.

State's exhibits 32 and 33 are not in the appellate record before us. The statement of facts contains the notation "State's Exhibits No. 32 and 33 were received in evidence and are not attached hereto." The exhibits volume of the statement of facts contains the notation "(MVD RECORDS. RETAINED)" where State's exhibits 32 and 33 would have otherwise appeared.

Appellant did not bring a sufficient record before us to support his complaint on appeal.

We overrule appellant's second point of error.

## IMPROPER JURY ARGUMENT

In his third point of error, appellant claims the trial court erred in allowing the prosecutor to interject harmful and unsworn testimony before the jury.

### 1. Waiver

■ To preserve error for review, a party's objection on appeal may not differ from his trial objection. *Rezac v. State*, 782 S.W.2d 869, 871 (Tex.Crim.App.1990). The trial court must have the opportunity to correct the error. TEX.R.APP.P. 52(a).

### 2. Application of Law to Facts

■ During the State's argument at the close of testimony in guilt-innocence, the prosecutor argued:

Why isn't Pam here to testify? He's known about this trial. Why isn't she sitting here? Reasonable deduction from the evidence, because she don't [sic] want to perjure herself. She don't [sic] want to come down and—

Appellant interrupted and objected as follows:

Your Honor, I'm going to object to that. Now, that's way—that is improper to infer that because this witness is not here that she would—she's not here because she didn't want to perjure herself. That's inflammatory and its improper, Your Honor.

At trial, appellant's only objection was that the argument was improper and inflammatory. On appeal, appellant asserts the prosecutor's argument: (1) was an unreasonable comment on the witness's failure to testify; (2) improperly interjected unsworn testimony into the record; (3) was improper impeachment; (4) was pure speculation; and (5) implied improper conduct on the appellant's part. Appellant's objections on appeal differ from his objection at trial. Nothing is presented for review.

We overrule appellant's third point of error.

## THE TRIAL COURT'S COMMUNICATION WITH THE JURY

In his fourth point of error, appellant asserts the trial court erred in communicating with the jury without his consent. Appellant does not dispute that his trial attorney not only approved of but also requested that the trial court orally communicate with the jury.

### 1. Applicable Law

■ After the jury has retired to deliberate, the trial court can only give additional jury instructions in compliance with article 36.27 of the Texas Code of Criminal Procedure. Article 36.27 provides:

The court shall answer any such communication [from the jury] in writing, and before giving such answer to the jury shall use reasonable diligence to secure the presence of the defendant and his counsel, and shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel, before the court gives such answer to the jury, but if he is unable to secure the presence of the defendant and his counsel, then he shall proceed to answer same as he deems proper. The written instruction or answer to the communication shall be read in open court unless expressly waived by the defendant.

TEX.CODE CRIM.PROC.ANN. art. 36.27 (Vernon 1981). These provisions are mandatory. Noncompliance is reversible error. *Martin v. State*, 654 S.W.2d 855, 857 (Tex.App.—Dallas 1983, no pet.). However, if the trial court communicates with the jury orally and in contravention of article 36.27, appellant must object to preserve the error for review. *Archie v. State*, 615 S.W.2d 762, 765 (Tex. Crim.App. [Panel Op.] 1981). Appellant cannot induce the trial court to commit error and then complain of it on appeal. *Ex parte Guerrero*, 521 S.W.2d 613, 614 (Tex.Crim. App.1975); *McCray v. State*, 861 S.W.2d 405, 409 (Tex.App.—Dallas 1993, no pet.).

■ Appellant must present a sufficient record to the appellate court demonstrating error requiring reversal. TEX.

R.App.P. 50(d); *O'Neal,* 826 S.W.2d at 173; *Greenwood,* 823 S.W.2d at 661. Unless the record shows the contrary, we presume that the trial court complied with article 36.27. *Smith v. State,* 513 S.W.2d 823, 829 (Tex. Crim.App.1974); *Parker v. State,* 713 S.W.2d 386, 390 (Tex.App.—Corpus Christi 1986, no pet.); *White v. State,* 677 S.W.2d 683, 686 (Tex.App.—Beaumont 1984, no pet.).

### 2. Application of Law to Facts

The jury sent two notes to the trial judge indicating it was having trouble reaching a verdict. The trial court discussed the notes with the parties. In the following exchange, appellant's counsel asked the trial court to communicate with the jury orally:

[TRIAL JUDGE]: We have discussed this matter, the State and both counsel for the defense, and looked at two different versions of an Allen charge, the one they have—both versions have been presented to both sides and everyone seems to agree that the book is probably the better version. We have discussed whether this will be done orally or communication with the jury will be in writing, and I have told all counsel that the communication will be done orally and they will be communicated with in writing unless both sides choose to agree that it be done orally.

It's my understanding that both sides would prefer that the communication be done orally and not in writing. Is that correct?

\* \* \* \* \* \*

[APPELLANT'S COUNSEL]: Yes, and I believe that reserves for us the right, then, to send a written charge back after a while if we need to do that rather than have all of our dynamite go off at this time.

The trial judge then brought the jury back into open court and orally told it something. However, the court reporter did not transcribe what the court said to the jury.

Appellant did not object to the trial court's communication with the jury. Rather, he encouraged the trial court to orally communicate with the jury. Additionally, appellant did not bring forward any record of that communication. Appellant has waived error,

if any, associated with the trial court's communication with the jury. We overrule appellant's fourth point of error.

We affirm the trial court's judgment.