Jesse **GORHAM**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–98–314–CR.

Court of Appeals of Texas, Fort Worth.

Feb. 25, 1999.

Discretionary Review Refused May 12, 1999.

Lauren B. Chadwick, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant Criminal District Attorney, Danielle A. LeGault, Assistant Criminal District Attorney, Ben Leonard, Assistant Criminal District Attorney, Camille Higgins, Assistant Criminal District Attorney, Fort Worth, for Appellee.

Before DAUPHINOT, BRIGHAM, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Appellant Jesse Gorham appeals his conviction by a jury for aggravated robbery with a deadly weapon. Appellant moved for a directed verdict when the State rested its case in the guilt/innocence phase of the trial, and the court overruled the motion. Appellant asserts that there was no evidence, or alternatively insufficient evidence, to prove beyond a reasonable doubt that he committed the offense and that the jury's verdict of guilty was so contrary to the overwhelming weight of the evidence that the verdict was clearly wrong and unjust. The jury sentenced Appellant to 40 years in prison. Finding no reversible error, we affirm.

## BACKGROUND

Appellant was accused of entering a convenience store and taking at least 18 cartons of cigarettes that he seized from a store employee after threatening him with a knife. The employee later viewed a police photospread and identified Appellant as the robber. At trial, the store's assistant manager identified Appellant as the man he saw leave

the store with the cigarettes, just before the store employee reported the robbery. The identification is not challenged.

The State's burden at trial was to prove beyond a reasonable doubt that Appellant robbed the owner of the cigarettes by unlawfully taking them without the owner's effective consent and with intent to deprive the owner of them. *See* TEX. PEN.CODE ANN. § 31.03(a),(b)(1) (Vernon 1994). The State also had the burden to prove by the same standard that when he took the cigarettes, Appellant intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death. *See id.* § 29.02(a)(2). By the same standard, the State had to prove that Appellant used or exhibited a deadly weapon while committing the robbery. *See id.* § 29.03(a)(2). In the context of this case, a deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. *See id.* 1.07(a)(17)(B).

## THE INCIDENT

The employee testified that Appellant came into the store on the night of the robbery, and after a few minutes, announced that he wanted to buy cartons of cigarettes. After some discussion between them, Appellant wrote four cigarette brand names on the face of a *Big Town Exhibit Hall* coupon and handed it to the employee. The employee went to get the cartons of cigarettes from storage, and Appellant followed him to the door of the storeroom and offered to help. As the employee was putting the cartons into a "Coke tote box," he dropped some cartons on the floor. So he could pick up the dropped cartons, he asked Appellant to hold the box.

After the employee picked up the cartons and reached for the box, Appellant brandished a knife, "jabbed" it toward the employee's chest, and "said if I didn't let go, he was going to cut me." Appellant then backed away from the storeroom door, turned, carrying the tote box full of cigarettes, and quickly walked out of the store without paying. From a window, the employee saw Appellant put the cigarettes into a car in front of the store and drive away. The employee

noted part of the number on the car's license plate, pushed the silent alarm button to notify police, and told the assistant manager about the robbery and the knife. Appellant was arrested several months later, and a knife was never found.

## STANDARDS OF REVIEW

To determine whether the evidence was factually sufficient, we must view "all the evidence without the prism of 'in the light most favorable to the prosecution.'" *Clewis v. State*, 922 S.W.2d 126, 129–30 (Tex.Crim. App.1996). A verdict should be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See id.* at 136. To determine whether the evidence was legally sufficient to support the conviction, we must view the evidence in the light most favorable to the verdict and thereby decide whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The legal sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App.1991); *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *See Matson*, 819 S.W.2d at 846.

## THE KNIFE

The store employee testified that he felt "scared" and "afraid of him killing me or hurting me real bad or just ... I was afraid of dying" when Appellant jabbed the knife

toward his chest. Although the actual knife was not in evidence, the court admitted State's exhibit 13 without objection after the employee identified it as a fair and accurate drawing of the length and size of the knife Appellant used in the robbery. The drawing of the knife depicts a blade that is four inches long, tapering to a sharp point. The widest part of the blade measures 7/8ths of an inch, and the handle is almost four inches long. The court's charge instructed the jury that a "deadly weapon means anything that in the manner of its use or intended use is capable of causing death or serious bodily injury."

■ It is not necessary for the State to introduce a knife into evidence to prove that it is a deadly weapon. *See Denham v. State,* 574 S.W.2d 129, 131 (Tex.Crim.App.1978). Here, the jury heard circumstantial evidence, a combination of the employee's testimony, and the drawing of the knife to prove the State's accusation that Appellant used a knife in the robbery. Criminal intent is an intangible that can be proved only by circumstantial evidence. *See Arnott v. State,* 498 S.W.2d 166, 177 (Tex.Crim.App.1973)(op. on reh'g). Consequently, Appellant's criminal intent, to use the knife as a deadly weapon, is a matter for proof by circumstantial evidence.

■ The determination of whether a jury may conclude from the circumstantial evidence presented that a knife was used or intended to be used as a deadly weapon is made on a case-by-case basis. *See Revell v. State,* 885 S.W.2d 206, 209 (Tex.App.—Dallas 1994, pet. ref'd). Such circumstantial evidence may include verbal threats made by the accused, the distance between the knife-user and the complainant, and the complainant's description of the knife. *See id.* A person need not be wounded by the knife to be considered a deadly weapon. *See id.* And, when a victim is not injured or killed, the State's burden is to prove beyond a reasonable doubt that the accused used or displayed a knife in the incident in a manner that establishes its capacity to cause bodily injury or death, and the user's intent that the display or use of the knife would place another in fear of imminent bodily injury or death. *See Johnson v. State,* 919 S.W.2d 473, 477 (Tex.App.—Fort Worth 1996, pet. ref'd).

■ The store employee testified that Appellant told him to back away or get "cut," and that Appellant "jabbed" the knife at his chest, which made the employee fear injury or death. A police detective with 30 years' experience testified that a knife fitting the description of the knife depicted in State's exhibit 13 was capable of causing death or serious bodily injury. Our standard for appellate review of the evidence is the same for direct and circumstantial evidence cases. *See Geesa v. State,* 820 S.W.2d 154, 158–62 (Tex.Crim.App.1991). In determining the legal sufficiency of the evidence to show Appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson,* 819 S.W.2d at 846. The credibility of the witnesses is for a jury to determine, not an appellate court. *See Sharp v. State,* 707 S.W.2d 611, 614 (Tex. Crim.App.1986).

After reviewing the evidence under the requisite standards we have discussed, we are persuaded that a rational jury could have found that the State proved beyond a reasonable doubt that Appellant robbed the clerk of the cigarettes as alleged in the indictment; and in so doing, Appellant used a knife that in the manner of its use and intended use was capable of causing death or serious bodily injury; and during that incident, Appellant intentionally or knowingly threatened or placed the store employee in fear of imminent bodily injury or death.

### CONCLUSION

Accordingly, the trial court did not err by denying Appellant's motion for a directed verdict, nor is the jury's verdict of guilty contrary to the overwhelming weight of the evidence and is not clearly wrong and unjust. For the reasons we have discussed, we find no reversible error. We affirm the trial court's judgment.