SHIELD V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-098-CR

RYAN BRADLEY SHIELD APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant 
Ryan Bradley Shield appeals his conviction for attempted sexual assault.  In two points, he complains that the evidence is legally and factually insufficient to support the jury’s deadly weapon finding.  We affirm.  

Appellant pleaded guilty to attempted sexual assault.  He also pleaded true to three prior felony convictions for enhancement purposes.  After hearing all the evidence, a jury assessed his punishment at twenty years’ confinement, and also found that he used or exhibited a deadly weapon during the commission of the offense. 

The relevant evidence in this case shows the following:

On the evening of April 21, 2004, April Blackstock and her friend, Regina Bibb, decided to go out to celebrate Blackstock’s birthday when they encountered appellant driving next to them on the freeway.  After a brief conversation, appellant decided to join the women at a nearby bar, where they all had drinks together.

Later that evening, the women invited appellant to meet them at a local restaurant where Blackstock worked to eat some breakfast.  Upon arriving at the restaurant, Blackstock felt sick and went to the back of the building to vomit.  Appellant followed her while Bibb went into the restaurant.

As Blackstock approached the back of the building, appellant made verbal sexual passes at her.  Appellant then grabbed Blackstock, threw her to the ground, put himself on top of her, and pulled out a knife.  As appellant held the knife to Blackstock’s neck, she testified that he said, “We’re going to do this the easy way or the hard way.”  Blackstock tried to fight with appellant, but had a difficult time due to his weight on her.  Blackstock testified that she “was scared to death [appellant] was going to cut [her] throat” and that appellant “had full intent to rape [her].”  Blackstock was certain that appellant had a knife in his hand, and she described the knife as having a “big, shiny blade” with a “dark grip.”

After a few minutes had passed, Bibb went outside to check on her friend and found appellant on top of Blackstock.  Bibb saw that appellant had one hand next to Blackstock’s throat and the other hand pinning her down.  Although Bibb saw “something” in appellant’s hand, she was not certain that it was a knife.  In an attempt to stop appellant from hurting Blackstock, Bibb began to physically attack him.  Eventually, appellant left the restaurant in his car and the two women went inside to call the police.  

Officer Bryan Chancellor stopped appellant less than two miles from the restaurant.  He searched appellant and found one knife in the front left pocket of his pants and another knife in his rear pocket.  Both knifes were admitted at trial but Blackstock never identified which knife appellant had used.

Mike Brookshire, an elder in appellant’s church, testified on appellant’s behalf.  Brookshire stated that at a Sunday prayer meeting, appellant spoke with him about the factual circumstances of this case and admitted that he was guilty and that he had, in fact, pulled a knife on a young lady. 

In this appeal, Appellant contends that the State failed to present any evidence that the knife was capable of causing death or serious bodily injury, because Blackstock never identified the knife used in the offense and the State did not offer expert testimony that the knives recovered were capable of causing death or bodily injury.

Section 1.07(a)(17) of the penal code defines a deadly weapon as “a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury” or “anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.”
(footnote: 2) 

Although a knife is not a deadly weapon per se, the court of criminal appeals has held that an object such as a knife can be a deadly weapon if the actor intends to use the object in a way which it would be capable of causing death or serious bodily injury.
(footnote: 3)  Factors which are important in determining whether a knife is a deadly weapon in its use or intended use are: (1) size, shape, and sharpness of the knife; (2) manner of its use or intended use; (3) the nature or existence of inflicted wounds;
(footnote: 4) (4) testimony of the knife’s life-threatening capabilities; (5) the physical proximity between the victim and the knife; and (6) the words spoken by appellant.
(footnote: 5)  No one factor is determinative; the fact-finder must examine each case on all of its facts to determine whether the knife is a deadly weapon.
(footnote: 6) 

The record shows in this case that appellant was on top of Blackstock as he held the knife to her throat and threatened her, stating “We are going to do this the easy way or the hard way,” that she “was scared to death [appellant] was going to cut [her] throat,” and that she identified the knife as having a “big, shiny blade” and a “dark grip.”  Additionally, Bibb testified that she saw appellant holding “something” next to Blackstock’s throat.

We hold that whether the evidence supporting the verdict is viewed in a light most favorable to the verdict,
(footnote: 7) or whether the entire record is viewed in a neutral light,
(footnote: 8) there was sufficient evidence from which the jury could have found beyond a reasonable doubt that appellant used a deadly weapon in the commission of the offense.  It was not necessary for the knife itself to have been introduced into evidence,
(footnote: 9) nor was expert testimony required for the jury to determine that the weapon used by appellant was, indeed, a knife.
(footnote: 10)  
Accordingly, because the evidence is legally and factually sufficient to support the jury’s finding, we overrule appellant’s points. 

Having overruled appellant’s two points, we affirm the trial court’s judgment.  

PER CURIAM

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 10, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Penal Code Ann.
 § 1.07(a)(17) (Vernon Supp. 2005).  

3:
McCain v. State
, 22 S.W.3d 497, 502-03 (Tex. Crim. App. 2000); 
Russell v. State
, 804 S.W.2d 287, 290 (Tex. App.—Fort Worth 1991, no pet.).

4:
Wounds need not be inflicted before a knife can be determined to be a deadly weapon.  
Brown v. State
, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986); 
Rogers v. State
, 877 S.W.2d 498, 500 (Tex. App.—Fort Worth 1994, pet. ref’d).

5:
See, e.g.,
 
Thomas v. State
, 821 S.W.2d 616, 619-20 (Tex. Crim. App. 1991); 
Tisdale v. State
, 686 S.W.2d 110, 115 (Tex. Crim. App. 1985) (op. on reh’g); 
Williams v. State
, 575 S.W.2d 30, 32 (Tex. Crim. App. [Panel Op.] 1979); 
Garcia v. State
, 17 S.W.3d 1, 4 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d).   

6:
Thomas
, 821 S.W.2d at 620; 
Gorham v. State
, 985 S.W.2d 694, 697 (Tex. App.—Fort Worth 1999, pet. ref’d).

7:
See Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) (setting out the legal sufficiency standard of review)
.

8:
See 
Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004)
 (setting out the factual sufficiency standard)
.

9:
See Morales v. State
, 633 S.W.2d 866, 868 (Tex. Crim. App. 1982); 
Gorham
, 985 S.W.2d at 697.  

10:
Brown
, 716 S.W.2d at 946.