**Affirmed and Opinion Filed March 13, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01709-CR

**ERNEST SANDERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-80960-2011**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Bridges

Appellant Ernest Sanders appeals from his conviction of aggravated robbery with a deadly weapon, along with his accompanying sentence of 25 years' imprisonment and court costs of $332.60. In two issues, appellant contends the evidence is legally and factually insufficient to support: (1) a finding that appellant used or exhibited a deadly weapon and (2) a judgment of court costs. We affirm.

### Background

Ricoberto Calvo testified that, on January 17, 2011, he drove to an apartment complex to meet a friend after work. When Calvo realized his friend was not home, he returned to his vehicle. While standing outside his vehicle, he took a call from his employer and appellant, a stranger to Calvo, approached and asked if Calvo wanted to buy marijuana. Calvo explained

appellant showed him the marijuana in a baggie. When Calvo told appellant he was not interested, appellant walked away.

After Calvo ended the call, appellant returned and held a knife to Calvo's face, demanding that he give appellant everything in his pockets. Calvo testified he was afraid of what appellant might do with the knife so he turned over the contents of his front pockets: a cell phone, a red lighter with the word "Quix" printed on it, a twenty-dollar bill, and a one-dollar bill. After taking Calvo's property, appellant cut Calvo's face with the knife, leaving a one to two-inch cut on his cheek. Appellant then walked away.

Calvo testified he began following appellant from a distance in hopes of observing which apartment complex he might enter so that Calvo could direct the police to that location. Calvo indicated he saw appellant throw something, but he could not identify what had been thrown. As Calvo was following appellant, he located an on-duty Dallas[1] police officer and flagged him down for assistance.

Officer Horace Webb of the Dallas Police Department quickly detained appellant. At the scene, Calvo positively identified appellant to Webb as the person who robbed him. Webb then searched appellant and found each of the items Calvo had reported stolen. Furthermore, Webb testified that one of the officers present called the phone number Calvo had provided as his own, and Webb observed the stolen cell phone ring. Webb testified the officers located the knife used by appellant in the parking lot and the marijuana he had tried to sell Calvo.

Prior to jury selection, the State filed its notice of intent to sentence appellant under the habitual offender provision of section 12.42(d) of the penal code.[2] The jury found appellant

---

[1] Officer Horace Webb testified the location where he stopped and pulled over was in the City of Dallas, Collin County.

[2] Appellant's prior convictions include: (1) theft of property of the value of $20,000 or more (1994); (2) burglary of a vehicle (1994); (3) unlawful possession of a controlled substance, to wit: cocaine (2000); and (4) unlawful possession of a controlled substance, to wit: cocaine (2004).

guilty of aggravated robbery with a deadly weapon. The court assessed appellant's punishment, as enhanced, at 25 years' imprisonment and a fine of $332.60.

## Analysis

In both issues raised before this Court, appellant challenges the legal and factual sufficiency of the evidence. However, there is no longer a distinction between legal sufficiency review and factual sufficiency review. *See Brooks v. State*, 323 S.W.3d 898, 902 (Tex. Crim. App. 2010) (plurality op.). *Brooks* established the only relevant standard when reviewing the sufficiency of the evidence is the standard set out in *Jackson v. Virginia,* 443 U.S. 307 (1979). *See Brooks*, 323 S.W.3d at 902. In determining the sufficiency of the evidence, an appellate court is to consider all evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. We defer to the factfinder's determinations of the witnesses' credibility and the weight to be given their testimony, because the factfinder is the sole judge of those matters. *Jackson*, 443 U.S. at 326; *Brooks*, 323 S.W.3d at 899-900.

### *1. Deadly Weapon Finding*

In his first issue, appellant contends the evidence is insufficient to support a finding that appellant used or exhibited a deadly weapon. A person commits robbery if, in the course of committing theft and, with the intent to obtain or maintain control of the property, he: (1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. §29.02(a). In order to obtain a conviction for aggravated robbery, the State was required to show appellant committed robbery while using or exhibiting a deadly weapon. *See* TEX. PENAL CODE ANN. §29.03(a)(2). A "deadly weapon" is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id*. at §1.07(a)(17)(B).

Here, appellant contends the evidence is insufficient to support that he used or intended to use a knife in a manner capable of causing serious bodily injury and, therefore, he did not use or exhibit a deadly weapon as required to uphold his conviction. We disagree.

In *Patterson v. State*, the court of criminal appeals discussed the difference between the meaning of "exhibit" and the meaning of "use" in article 42.12 of the Texas code of criminal procedure. *See* 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). The Court explained that while the word "use" typically means that a deadly weapon must be "utilized, employed, or applied in order to achieve its intended result: 'the commission of a felony offense or during immediate flight therefrom.'" *Id.* "Use" extends to "*any* employment of a deadly weapon, even its simple possession, if such possession facilitates the associated felony." *Id.* The word "exhibit," however, requires a weapon to be "consciously shown, displayed, or presented to be viewed during 'the commission of a felony offense or during immediate flight therefrom." *Id.* Thus, as the *Patterson* Court explained, one can "use" a weapon without exhibiting it, but not vice versa. *Id.*

The definition of deadly weapon does not require that the actor actually intend death or serious bodily injury. *See* §1.07(a)(17)(B). Rather, an object is a deadly weapon if the actor intends a use of the object in which it would be *capable of causing* death or serious bodily injury. *Bailey v. State*, 38 S.W.3d 157, 158-59 (Tex. Crim. App. 2001).

The record before us includes testimony that when appellant approached Calvo the second time, he returned with a knife and held it to Calvo's face. With the knife against Calvo's face, appellant demanded that he give appellant everything in his pockets. Calvo testified he was afraid of what appellant might do with the knife so he turned over the contents of his front pockets. After taking Calvo's property, appellant cut Calvo's face with the knife, leaving a one to two-inch cut on his cheek.

Viewing the evidence in the light most favorable to the verdict, we conclude it was rational for the jury to make the deadly weapon finding. *See Jackson*, 443 U.S. at 319; *Patterson*, 769 S.W.2d at 941; *see also Revell v. State*, 885 S.W.2d 206, 210 (Tex. App.−Dallas 1994, pet. ref'd) (appellant's use of physical force in placing the knife against victim's throat shows assertive conduct sufficient to support the deadly weapon finding). We overrule appellant's first issue.

*2. Court Costs*

Appellant next argues the evidence was insufficient to support the assessment of court costs against him in the amount of $332.60, contending the record in this case does not contain a proper written bill of costs.

The record before us contains the bill of costs. These complaints have been previously addressed and rejected. *See Johnson v. State*, No. PD-0193-13, 2014 WL 714736, at *4-8 (Tex. Crim. App. Feb. 26, 2014); *Coronel v. State*, 416 S.W.3d 550, 555-56 (Tex. App.−Dallas 2013, pet. ref'd). We overrule appellant's second issue.

### Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Do Not Publish
TEX. R. APP. P. 47
111709F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

−5−



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ERNEST SANDERS, Appellant

No. 05-11-01709-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas
Trial Court Cause No. 366-80960-2011.
Opinion delivered by Justice Bridges.
Justices Moseley and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered March 13, 2014

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE