Robert Eugene ROBERTS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 14–94–00572–CR, 14–94–00573–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1999.

Rehearing Overruled March 11, 1999.

Roland B. Moore, III, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before Justices AMIDEI, EDELMAN and LEE.*

_____

* Senior Justice Norman R. Lee sitting by assignment.

## OPINION ON REMAND

NORMAN R. LEE, Senior Justice
(Assigned).

Appellant entered a plea of not guilty before a jury to two counts of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (Vernon Supp.1994).[1] He was convicted on both counts. Appellant then entered pleas of "true" to the enhancement allegations, and the trial court assessed punishment at imprisonment for life on both counts. Appellant brings five points of error complaining that the trial court erred in allowing the trial to proceed with a jury consisting of only eleven persons and one point of error alleging that the evidence was insufficient to support the verdict.

Initially, we reversed based on appellant's first three points of error relying on *Ex parte Hernandez*, 906 S.W.2d 931 (Tex.Crim.App. 1995). However, the Texas Court of Criminal Appeals reversed in 957 S.W.2d 80 (Tex. Crim.App.1997) and remanded in light of its recent decision in *Hatch v. State*, 958 S.W.2d 813 (Tex.Crim.App.1997) overruling *Ex parte Hernandez*. We affirm.

### Procedural Background

The record in this case shows that after voir dire, a jury was empaneled and sworn. The court admonished the jury not to discuss the facts of the case with any person, and the jurors were sent to lunch.

After lunch, a hearing was conducted outside the presence of the jury regarding contact between a juror and one of the State's potential witnesses. The record reflects that Juror Steinbach went to lunch at the same restaurant where Officer Richard Hessendhal was eating. Officer Hessendhal testified the juror asked if he could join him for lunch. Juror Steinbach asked Officer Hessendhal whether he enjoyed working as a police officer, and the two discussed other social matters for approximately ten minutes. Officer Hessendhal testified he and Juror Steinbach never discussed appellant's case.

The court then questioned Juror Steinbach, and he confirmed he spoke briefly with Officer Hessendhal during lunch. Juror Steinbach testified that when he sat down, he was unaware the officer was involved in the case. Juror Steinbach stated that he and Officer Hessendhal did not discuss appellant's case, and that if Officer Hessendhal was called as a witness, he would treat his testimony "fair and equal." He also indicated his social conversation with Officer Hessendhal would not affect the credibility he afforded other police officers or his ability to follow the law. In addition, the State informed the trial court and defense counsel that Officer Hessendhal would not be called as a witness during the trial.

After the hearing, appellant's counsel moved for a mistrial. In light of the State's decision not to call Officer Hessendhal as a witness and Juror Steinbach's representations, the court denied this motion. Appellant then requested the court disqualify Juror Steinbach. The court granted this motion, and the case proceeded to trial with eleven jurors.

### Analysis

■ In his first three points of error, appellant argues the trial court erred in proceeding to trial before a jury of eleven persons. A felony verdict may not be returned by less than twelve jurors unless one of the jurors dies or becomes disabled from sitting at any time before the court's charge is read to the jury. *See* TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp.1999). However, the Texas Government Code section 62.201 expressly provides: "The jury in a district court is composed of 12 persons, except that the parties may agree to try a particular case with fewer than 12 jurors." *Id.* The Texas Court of Criminal Appeals held that there is nothing inconsistent or conflicting between these two provisions and that section 62.201 applies to criminal and civil cases equally. *See Hatch*, 958 S.W.2d at 816.

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Act of June 19, 1993, 73 rd Leg., R.S., ch. 900, § 1.18(b), 1993 Tex. Gen. Laws 3589, 3708. Therefore, all references to the penal code are to the code as in effect at the time the crime was committed.

In this case, Juror Steinbach communicated with Officer Hessendhal, a potential witness. The trial court interviewed Juror Steinbach to determine the effect of this communication, and the State voluntarily struck Officer Hessendhal from its witness list. Based on this, the trial court determined that the juror's bias or prejudice in favor of or against a party was not affected. After appellant's motion for a mistrial was denied, he asked the trial court to continue the trial with eleven jurors. Based on *Hatch*, we hold there was no error in continuing the trial and obtaining a felony conviction from a jury consisting of less than twelve jurors when the parties agreed to try their case with less than twelve jurors. *Id.* at 815–16; *see* TEX. GOV'T CODE ANN. § 62.201 (Vernon 1998).

Despite the fact the court stated it removed Juror Steinbach based on appellant's request and under Texas Code of Criminal Procedure article 36.29(a), if the action of the trial court can be sustained on any theory applicable to the facts of the case, then it is immaterial that the trial court stated the wrong ground for its ruling. *See Kemp v. State*, 846 S.W.2d 289, 294 n. 2 (Tex.Crim. App.1992). Section 62.201 authorizes the trial court's action. TEX. GOV'T CODE ANN. § 62.201. Accordingly, we overrule appellant's first three points of error.

■ In his fourth point of error, appellant asserts the denial of his motion for a mistrial constitutes reversible error. Specifically, he argues Juror Steinbach engaged in a conversation with Officer Hessendhal without the trial court's permission.

■ Due to the fact that the trial court dismissed Juror Steinbach and this dismissal was permissible under Texas Government Code section 62.201, appellant's fourth point of error is rendered moot. Moreover, although a juror who engages in an unauthorized communication with a witness results in a presumption of harm, the appellant has the burden to establish that the unauthorized communication involved the specific matters of the case at trial. *See Chambliss v. State*, 647 S.W.2d 257, 265–66 (Tex.Crim.App.1983). Appellant never established this. According-

ly, we overrule appellant's fourth point of error.

■ In his fifth point of error, appellant contends the trial court committed reversible error because it did not require the criteria for a waiver of an entire jury be met in the waiver of a jury of less than twelve. Specifically, he asserts a proper waiver of a jury of less than twelve persons must be made in open court, in person, in writing, and with the State's consent. *See* TEX.CODE CRIM. PROC. ANN. art. 1.13(a) (Vernon Supp.1999).

In Texas, a person can be convicted of a felony in a noncapital case when he has properly waived a jury trial in accordance with article 1.13(a) of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.1999) (requiring a proper waiver to comply with articles 1.13 and 1.14). A proper waiver under article 1.13(a) requires it be made expressly by the accused, in open court, in writing, and with the consent and approval of the court and the attorney representing the State. TEX.CODE CRIM. PROC. ANN. art. 1.13(a). It is important to note that articles 1.13, 1.14, and 1.15 concern the waiver of a jury trial, not a waiver of a jury of less than twelve jurors. Based on these provisions, the *Hatch* court reasoned that if an accused can waive an entire jury, then there is no logical reason why an accused cannot waive a jury of less than twelve jurors. *Hatch*, 958 S.W.2d at 815.

The *Hatch* court relied on section 62.201 of the Texas Government Code which allows a juror to be dismissed upon an agreement between the parties. Certain courts have held that a waiver of a juror under section 62.201 must comply with the same criteria as a waiver of a jury trial. *See State v. Rhodes*, 966 S.W.2d 610, 613 (Tex.App.—San Antonio 1998, no pet.) (holding that article 1.13(a) applies to a defendant's subsequent waiver of a jury of less than twelve); *Maten v. State*, 962 S.W.2d 226, 228 (Tex.App.—Houston [1 st Dist.] 1998, pet. ref'd) (holding "a defendant can waive the right to a jury composed of 12 persons the same way the defendant could waive, in entirety, the right of trial by jury."). However, the Beaumont Court of Appeals has not required the procedures of article

1.13(a) be followed to waive a jury composed of less than twelve jurors. *See Landry v. State*, 958 S.W.2d 942, 943 (Tex.App.—Beaumont 1998, pet. ref'd) (recognizing a waiver need not be in writing).

In Justice Baird's dissenting opinion in *Hatch*, he argued that a waiver under section 62.201 must be harmonized with article 1.13 by requiring its additional procedural safeguards—in open court, in person, and in writing. *Hatch*, 958 S.W.2d at 818 (Baird, J., dissenting). The majority, however, held that a proper waiver of a jury of less than twelve only required *an agreement by the parties* to try the case with fewer than twelve jurors. *See Hatch*, 958 S.W.2d at 815–816. Therefore, based on *Hatch*, we hold that a waiver of a juror under section 62.201 resulting in a jury of less than twelve jurors requires an affirmative record establishing that the parties agreed to try their case with fewer than twelve jurors. Accordingly, the trial court did not err by dismissing Juror Steinbach pursuant to the parties' agreement. We overrule appellant's fifth point of error.

In his final point of error, appellant contends that the evidence was legally and factually insufficient to support his conviction as a matter of law. Appellant's point of error only addresses the insufficiency concerning one of his indictments. Specifically, he argues that the State did not present sufficient evidence that complainant, George Niroda, was ever threatened or placed in fear of bodily injury or death.

When reviewing the legal sufficiency of the evidence, we look at the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mason v. State*, 905 S.W.2d 570, 574 (Tex.Crim.App.1995). The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. *See id.* This standard of review is the same for both direct and circumstantial evidence cases. *See Chambers v. State*, 711 S.W.2d 240, 245 (Tex.Crim.App.1986).

When reviewing the factual sufficiency of the evidence, the court of appeals will view all the evidence without the prism of "in the light most favorable to the prosecution" and set aside the verdict only if it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). Although an appellate court is authorized to disagree with the verdict, a factual sufficiency review must be appropriately deferential so as to avoid an appellate court substituting its judgment for that of the jury. *See id.* at 133

The record clearly shows that Niroda was threatened and in fear of serious bodily injury or his life. Niroda testified that appellant sat on top of him, hit him with his knife, and stabbed him. Further, in response to a question whether appellant threatened to stab Niroda, Niroda responded: "I got the marks to show it was more than a threat. I have stab wounds." Finally, Niroda testified that appellant said "I will kill you."

Reviewing this evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Niroda was threatened or placed in fear of bodily injury or death. Moreover, after a review of all the evidence without the prism of the light most favorable to the prosecution, we hold that the verdict is not contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Therefore, we overrule appellant's final point of error.

We affirm the judgment of the trial court.