Affirmed and Opinion filed July 18, 2002















Affirmed and
Opinion filed July 18, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01190-CR

____________

 

MARK ANTHONY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 857,739

 

 

 

O P I N I O N

            A jury found appellant, Mark Anthony, guilty of marijuana possession and
sentenced him to five years’ imprisonment. 
In a single issue, Anthony contends the evidence was insufficient for a
conviction.  We affirm.

BACKGROUND

            Police conducting narcotics
surveillance observed what appeared to be a drug transaction between the
occupants of a Honda Accord car and a Suburban truck parked at a carwash.  During a search of the car, in which Anthony
was a passenger, police found a black bag containing 30.8 pounds of marijuana
in the trunk.  Anthony denied
participation in the drug transaction. 
In one issue, Anthony contends the evidence affirmatively linking him to
the marijuana is insufficient. 
Accordingly, we address whether the evidence is legally or factually
insufficient to support the conviction.

STANDARD OF REVIEW

            When reviewing legal sufficiency, we
view the evidence in the light most favorable to the verdict and determine
whether a rational trier of fact could have found the
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Cardenas v. State, 30 S.W.3d
384, 389 (Tex. Crim. App. 2000).  If a reviewing court determines the evidence
is insufficient under the Jackson standard, it must render a
judgment of acquittal because if the evidence is insufficient, the case should
never have been submitted to the jury.  See Jackson, 443 U.S.
318–19.  In a legal sufficiency
challenge, we do not weigh the evidence again. 
King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

            In reviewing factual sufficiency, we
do not view the evidence “in the light most favorable to the prosecution.”  Cain v. State, 958 S.W.2d 404 (Tex. Crim.
App. 1997).  We examine the
evidence that tends to prove an elemental fact in dispute and compare it with
the evidence that tends to disprove that fact. 
Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  Although we may disagree with the verdict,
our factual sufficiency review must be appropriately deferential to avoid our
substituting our judgment for that of the fact finder.  Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Roberts
v. State, 987 S.W.2d 160, 163 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  We
will reverse for factual insufficiency if the proof of guilt so obviously weak
as to undermine confidence in the jury’s determination, or, although adequate
if taken alone, is greatly outweighed by contrary proof.  Johnson,
23 S.W.3d at 11.

POSSESSION OF MARIJUANA

            When a defendant is charged with
unlawful possession of marijuana, the State must prove (1) the defendant
exercised actual care, custody, control, or management over the contraband and
(2) the accused knew the object he possessed was contraband.  Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim.
App. 1995).  An accused must not
only have exercised actual care, control, or custody of the substance, but must
also have been conscious of his connection with it and have known what it was;
thus, evidence which affirmatively links him to it suffices for proof that he
possessed it knowingly.  Id.  It makes no difference whether this evidence
is direct or circumstantial; in either case, the State must establish to the
requisite level of confidence the defendant’s connection with the drug was more
than fortuitous.  Id.

            When the accused is not in exclusive
possession of the place where the contraband was found, it cannot be concluded
that appellant had knowledge of or control over the contraband unless there are
additional independent facts and circumstances that affirmatively link
appellant to the contraband.  Cude v. State, 716 S.W.2d 46,
47 (Tex. Crim. App. 1986).  The facts and circumstances must create a
reasonable inference that appellant knew of the controlled substance’s
existence and exercised control over it. 
See Dickey v. State, 693 S.W.2d 386, 389 (Tex. Crim.
App. 1984).  Mere presence is
insufficient to show that a person possessed the drug.  Chavez v. State, 769 S.W.2d 284, 288 (Tex. App.—Houston [1st Dist.]
1989, pet. ref’d).

            There is no rigid formula by which
we may find an affirmative link sufficient to support an inference of knowing
possession.  Id.  Rather, affirmative links are established by
a totality of the circumstances.  Sosa v. State, 845 S.W.2d 479, 483–84
(Tex. App.—Houston [1st Dist.] 1993, pet. ref’d)
(finding the totality of the circumstances was of such a character that the
jury reasonably could conclude the defendant was aware of the contraband and
exercised control over it).

            In this case, an officer conducting
the narcotics surveillance, Officer Engelhardt,
testified Anthony participated in a drug transaction at the carwash with
persons in the Suburban.  He observed the
drug transaction at dusk through the tinted windows of an unmarked car parked
across the street from the carwash. 
Officer Engelhardt testified he could easily
observe the drug transaction with his naked eyes.  Nonetheless, he used binoculars to observe
details, such as physical descriptions and license plates.  In particular, Officer Engelhardt
observed Anthony in the car’s passenger seat, and he noted Anthony’s clothing
and physical description.  Further,
Officer Engelhardt observed Anthony exit the car,
walk to the Suburban, remove a black bag from the back seat, and put the bag in
the car’s trunk.  Anthony then returned a
smaller, unknown object to the Suburban. 
The car then left, with Anthony sitting in the passenger seat once
again.

            A few moments after the car left, a
marked police car stopped it.  Anthony
exited from the passenger seat.  One of
the officers who stopped the car testified that Anthony and his brother-in-law
(who was the driver) were acting nervously. 
Anthony even asked if he had been videotaped.  After Anthony’s brother-in-law consented to a
search, the police opened the car trunk and smelled a “very, very strong” odor
of marijuana.  The officers found two
plastic wrapped bricks of marijuana, weighing 30.8 pounds, inside a black bag
in the trunk.  Two identifiable prints
were found on the plastic wrapping, however none of
them belonged to Anthony, his brother-in-law, or the Suburban’s
two occupants.

            Meanwhile, two additional officers
stopped and searched the Suburban.  They
found a purse stuffed with money, partly wrapped in a black plastic bag, which
they believed to be the unknown object Anthony carried to the Suburban.  The money totaled $9,525, the approximate
street value of 30 pounds of marijuana.

            This evidence constitutes legally
sufficient evidence of Anthony’s knowledge and control over the marijuana.  Knowledge and control can exist if contraband
is in close proximity to a defendant and is readily accessible to him.  See Abdel-Slater v. State, 852 S.W.2d 671, 676 (Tex.
App.—Houston [14th Dist.] 1993, pet. ref’d); see also Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d).  Officer Engelhardt
saw Anthony carry the bag of marijuana from the Suburban to the car’s
trunk.  Thus, although Anthony was a
passenger in the car, he had access to the trunk and the marijuana.  Additionally, when officers opened the trunk,
the odor of marijuana was easily detected, even though the marijuana bricks
were in the black bag.  The strong odor
is an affirmative link showing Anthony’s knowledge of the contraband’s
existence.  See Williams v. State, 859 S.W.2d 99,
101 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d).  Additional affirmative links include (1) 30.8
pounds of marijuana in the bag, see Carjaval v. State, 529 S.W.2d 517, 520 (Tex. Crim. App. 1975) (unlikely that presence of large amount is
accidental); Hill v. State, 755
S.W.2d 197, 201 (Tex. App.—Houston [14th Dist.] 1988, pet. ref’d)
(large amount of contraband indicated defendant knew of its presence); and (2)
Anthony’s nervousness when police searched the car.  See Hurtado v. State, 881 S.W.2d 738, 745
n.1 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d).

            In examining factual sufficiency of
possession, we examine all the evidence neutrally. In contrast to Officer Engelhardt’s testimony, Anthony testified that he rode in
the car with his brother-in-law only to buy dinner.  On the way home, his brother-in-law (who is a
rap promoter) decided to stop at a record store to pick up some compact discs
for business.  Because the record store
parking lot was very crowded, his brother-in-law and the  Suburban’s
driver decided to park across the street at a carwash.  Once at the carwash, Anthony and his
brother-in-law sat inside the Suburban, which contained big boxes of
promotional compact discs.  Anthony
testified that the driver of the Suburban decided to “do two deals” in one:
instead of simply providing compact discs, the driver also pulled out some
marijuana.  Anthony testified when he saw
the marijuana, he got out of the Suburban and walked to the record store across
the street, where he stayed until his brother-in-law picked him up.  Thus, Anthony claims to have had no contact
with the marijuana and no participation in any drug transaction.

            In challenging the factual
sufficiency of the evidence, Anthony criticizes Officer Engelhardt’s
sole identification of him as the man who transferred the marijuana from the
Suburban to the car.  He argues that the
officer had an overwhelming interest to “make the arrest” result in a
conviction.  Additionally, Anthony
testified that he asked about a videotape of the surveillance and arrest
because he knew it would prove his innocence. 
He reasons that a one-man surveillance without a videotape is engineered
to force juries to choose between a police officer and a citizen at trial.  Further, he argues that the waning daylight
and the dark windows in Officer Engelhardt’s car cast
doubt on the officer’s ability to accurately identify Anthony as a participant
in the drug transaction.  Thus, Anthony
contends the State failed to meet its burden of proving his guilt beyond a
reasonable doubt.

            According to Anthony’s testimony,
the marijuana was in the locked trunk of a car which was neither owned nor
driven by him.  He did not attempt to
flee when the car was stopped, and he requested fingerprint testing on the
marijuana wrapping and bag.  None of the
prints found were Anthony’s.

            We agree that there are
discrepancies between the testimony of Officer Engelhardt
and Anthony.  The weight given to
contradictory testimonial evidence, however, is within the province of the jury
because they alone evaluate the witnesses’ credibility and demeanor. Cain, 958 S.W.2d at
408–09.  The jury may believe or
disbelieve all or any part of any witness’s testimony.  Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim.
App. 1984).  We agree that a
police officer’s testimony is not automatically more valuable than a
citizen’s.  Nonetheless, in this case,
the jury must not have believed Anthony’s version.  We cannot set aside a jury verdict merely because
we may feel that a different result might be more reasonable.  See Santellan v. State, 939 S.W.2d 155,
164 (Tex. Crim. App. 1997).  After a thorough review of all of the
evidence, we hold the jury’s verdict was not so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  See Wesbrook v. State, 29 S.W.3d 103, 112
(Tex. Crim. App. 2000), cert. denied, 532 U.S. 944 (2001).

            Accordingly, we overrule Anthony’s
sole issue and affirm the trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Opinion filed July 18,
 2002.

Panel
consists of Justices Yates, Seymore and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.3(b).