Criminal Case Template













COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




ELIAS DELGADO,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-01-00428-CR


Appeal from the


Criminal District Court No. 5


of Dallas County, Texas


(TC# F00-54953-NL)


M E M O R A N D U M O P I N I O N



 This is an appeal from a jury conviction for the offense of murder. The jury assessed
punishment at eighty (8) years' imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. We affirm the judgment of the trial court. 

I. SUMMARY OF THE EVIDENCE


 At trial, Monica Pab'on, a 911 operator, testified that on October 19, 2000, a man
identifying himself as Manuel Carrillo called and stated that a murder was about to occur in
Appellant's apartment at 4109 Avondale, Apt. 206, in Dallas County. He spoke in Spanish
and he sounded excited. Pab'on promptly notified the police. 


 Jay Angelino, a Dallas police officer, responded to the call. When he arrived at the
scene, he was met by an individual who introduced himself as Manuel Carrillo. Carrillo was
excited and the officer had to calm him down in order to understand him. Carrillo stated that
his roommate, Appellant, was going to kill his ex-lover's current boyfriend. After calling for
assistance, Officer Angelino and another officer knocked at the door of the apartment. After
a five minute delay, Appellant answered the door and the officers forced an entry into the
apartment. Upon entry, the officers found the dead body of Elvis Gomez in the bathtub. 

 The evidence revealed that Gomez had sustained a deep stab wound to the jugular
vein and carotid artery which caused him to bleed to death. There were also twenty-three
incised wounds to other parts of his body. He had cuts on his hands which were consistent
with defensive wounds. Appellant had wounds on his hands which were consistent with the
use of a knife where the hand slips on the knife as it is thrust into the victim. 

 At trial, Appellant testified in his own behalf. He stated that on noon of that day, he
took Gomez to a store to pay a utility bill. He then took Gomez back to his apartment. 
Gomez went into Appellant's bedroom and started using his computer. He called for
Appellant to come into the room. According to Appellant, when he entered the room, Gomez
assaulted him and told him he was going to kill him. They struggled over control of a knife. 
Appellant testified that Gomez was killed in self-defense. 



II. DISCUSSION


 In Appellant's first two issues, he contends that he was denied his right to twelve
jurors as provided by the Texas Constitution and article 36.29 of the Texas Code of Criminal
Procedure. 

 The record shows that when juror Randee Myers was seated on the jury, she stated
that it was necessary for her to be out of town for business purposes on Monday, September
10, 2001. The jury received the court's charge on Friday, September 7, 2001. In the early
evening afer several hours of deliberation, Myers reminded the court of the business she was
required to attend to on Monday. The jury was dismissed and was reconvened on Monday. 
Then, the following exchange occurred:

 COURT: Okay. Back on Friday, both sides, by and through Mr. Delgado,
Mr. Delgado, along with his attorneys and the State agreed to
allow Juror No.--Randee Myers, Juror No. 9, was on the jury. 
Both sides have agreed, along with the Defendant, to allow Ms.
Myers to leave town today and have agreed to go with eleven. 
Is that correct, State?


 STATE: That's right, Your Honor.


 COURT: And is that correct?


 DEFENSE: Yes, that is. I talked to my client, Mr. Delgado and he agreed to
that. 


 Tex. Code Crim. Proc. Ann. art. 36.29 (c) (Vernon Supp. 2002) provides:

 After the charge of the court is read to the jury, if any one of them becomes so
sick as to prevent the continuance of his duty, or any accident of circumstance
occurs to prevent their being kept together under circumstances under which
the law or the instructions of the court requires that they be kept together, the
jury shall be discharged, except that on agreement on the record by the
defendant, the defendant's counsel, and the attorney representing the state 11
members of a jury may render a verdict and, if punishment is to be assessed by
the jury, assess punishment. If a verdict is rendered by less than the whole
number of the jury, each member of the jury shall sign the verdict. 


 A felony verdict may not be returned by fewer than twelve jurors unless one of the
jurors dies or becomes disabled from sitting at any time before the court's charge is read to
the jury. Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp. 2002). However, Texas
Government Code section 62.201 expressly provides: "The jury in a district court is
composed of 12 persons, except that the parties may agree to try a particular case with fewer
than 12 jurors." Tex. Gov't Code Ann. § 62.201 (Vernon 1994). The Texas Court of
Criminal Appeals has held there is nothing inconsistent or conflicting between these two
provisions and that Section 62.201 applies to criminal as well as civil cases. Hatch v. State,
958 S.W.2d 813, 816 (Tex. Crim. App. 1997). A defendant who agrees to be tried by fewer
than twelve jurors is still exercising his right to trial by jury. Id. The Hatch court relied on
Government Code Section 62.201 which allows a juror to be dismissed upon an agreement
between the parties. Roberts v. State, 987 S.W.2d 160, 162 (Tex. App.--Houston [14th Dist.]
1999, pet. ref'd). The Hatch court explicitly held "a defendant may waive Article 36.29(a)'s
requirement that not less than twelve jurors can return a verdict in a non-capital felony case."
Hatch, 958 S.W.2d at 816. Accordingly, based on the express waiver of a jury of twelve
persons by Appellant's trial counsel, in the context of an agreement with the State, we hold
the trial court did not err in proceeding to trial with eleven jurors.

 However, Appellant contends that for waiver of a jury of fewer than twelve persons
to be proper, it must be made by Appellant, in person, through an express waiver and
consent. The appeals court rejected a substantially similar argument in Roberts. At trial,
Roberts requested a mistrial after learning a juror had talked with a potential State's witness.
Id. at 161. The State decided not to call the witness, and the trial court denied Roberts'
mistrial motion. Id. Roberts then requested the trial court to disqualify the juror, and the trial
court did so. Id. On appeal, Roberts argued the trial court erred when it did not follow the
procedures for waiver of an entire jury. "Specifically [Roberts asserted] a proper waiver of
a jury of less than twelve persons must be made in open court, in person, in writing, and with
the State's consent." Id. at 162. See Tex. Code Crim. Proc. Ann. art. 1.13(a) (Vernon
Supp.2002) (setting out procedures in a criminal prosecution for an offense other than a
capital felony for the defendant to waive the right of trial by jury). The court explained that
a proper waiver of a jury of less than twelve only required an agreement by the parties to try
the case with fewer than twelve jurors. See Hatch, 958 S.W.2d at 815-16. Therefore, based
on Hatch, we hold that a waiver of a juror under Section 62.201 resulting in a jury of less
than twelve jurors requires an affirmative record establishing that the parties agreed to try
their case with fewer than twelve jurors. Accordingly, the trial court did not err by
dismissing [the juror] pursuant to the parties' agreement. Id. at 163. Issues No. One and Two
are overruled.


 In Issue No. Three, Appellant contends that the statements made by Manuel Carrillo
to the 911 operator were inadmissible hearsay. Initially, we must address the State's
contention that Appellant has not preserved this issue on appeal. 

 At trial, Appellant objected to the introduction of the tape of the 911 call from Carrillo
in that the proper predicated had not been established and on the grounds that the tape was
hearsay. However, Appellant did not object to the introduction of the English translation
save to question its accuracy--a matter that was resolved at trial. The court noted to the
defense that there had been no objection to the introduction of the transcript of the 911 call. 
 An objection to the admission of evidence is waived where the same evidence is later
admitted without objection. Saliva v. State, 980 S.W.2d 475, 496 (Tex. App.--Houston [14th
Dist.] 1998, pet. ref'd). In this instance, Appellant did not object to the later admission of
the transcription of the tape. Accordingly, the issue has not been preserved on appeal. Issue
No. Three is overruled.

 In Issue No. Four, Appellant contends that the statement made by Carrillo to the
responding officer was hearsay. As stated, when the responding officer arrived at the scene,
the officer had to calm Carrillo before he could be understood. Carrillo then stated that
Appellant was going to kill his ex-lover's current boyfriend.

 The State maintains, among other things, that the statement was an excited utterance. 

An excited utterance is "[a] statement relating to a startling event or condition made while
the declarant was under the stress of excitement caused by the event or condition." Tex. R.
Evid. 803(2). While the period of time that lapsed between the occurrence of the startling
event and the making of the statement is a factor to consider in determining the admissibility
of such statements, the critical factor is whether the declarant was still dominated by the
emotions, excitement, fear, or pain of the event. McFarland v. State, 845 S.W.2d 824, 846
(Tex. Crim. App. 1992). The fact that some of the declarant's statements were in the form
of responses to questions does not make them inadmissible under this exception to the
hearsay rule. Id. 

 In this instance, Carrillo was clearly in the throes of what he perceived as an on- going
murder. As such, we find that the statements to the officer qualify as an excited utterance. 
Issue No. Four is overruled.

 Having overruled each of Appellant's issues on review, we affirm the judgment of the
trial court.

February 25, 2004


 

 RICHARD BARAJAS, Chief Justice



Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)