Affirmed and Memorandum Opinion filed May 26, 2005









Affirmed and Memorandum Opinion filed May 26, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00670-CR

____________

 

CLYDE EDWIN
GODFREY,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 985,324

 



 

M E M O R A N D U M   O P I N I O N

Appellant was sentenced to twenty-five
years’ confinement in the Texas Department of Criminal Justice, Institutional
Division, after being convicted of aggravated assault with a deadly
weapon.  On appeal, appellant urges this
court to reverse his conviction because he was convicted by an eleven-person
jury and allegedly deprived of his constitutional rights to due process and to
confront witnesses.  Appellant also
asserts that the trial court erred in several evidentiary rulings, and that the
evidence is legally and factually insufficient. 
We affirm.

 








I.        Factual
Background

On September 6, 2003, appellant was at the
home he shared with his girlfriend, Linda Jackson, and her daughter, Megan
Jackson.  Megan, wishing to take her car
to the mall, repeatedly asked her mother to move her car from behind Megan’s so
that she could leave the house.  At some
point, a heated argument broke out between appellant and Linda while the two
were in their bedroom.  Megan pushed
appellant out of the doorway where he was standing, causing him to fall but
enabling her mother to leave the room. 
When Linda heard  someone fall,
she returned to the bedroom.  The
argument escalated when appellant left the bedroom and returned with a butcher
knife from the kitchen.  Megan then used
her cell phone to call 911.  When Megan
returned to the bedroom, she saw appellant choking her mother and holding the
knife.  Megan ran at the appellant; he
turned toward her and swung the knife in her direction.  When appellant swung the knife, he was within
two feet of Megan.  When the police
arrived, Officer Kowis spoke to Megan, Linda, and appellant before arresting
appellant.

II.       Procedural
Background

Appellant was charged with aggravated
assault with a deadly weapon. 
Specifically, the indictment alleged that appellant committed aggravated
assault upon Megan by using and exhibiting a knife.  Appellant pleaded not guilty and proceeded to
trial.  After the jury was selected but
before being impaneled, one juror stated she could not serve because of a
personal scheduling conflict.  Both
parties agreed to proceed to trial with only eleven jurors.

During appellant’s trial, the State called
Officer Kowis to testify.  Officer Kowis
recounted the scene at appellant’s home when the officer arrived on the night
of September 6, 2003. Officer Kowis related the statements Linda made to him
that night.  The prosecution’s Brady disclosures
included the fact that Linda subsequently recanted some of her statements.  Later in appellant’s trial, the trial judge
denied appellant’s request to introduce evidence showing that Linda had
recanted some of her earlier statements.








A jury found appellant guilty of
aggravated assault with a deadly weapon and he proceeded to sentencing before
the trial judge.  After finding the
enhancement paragraph to be true, the trial judge sentenced appellant to
twenty-five years’ imprisonment.      

III.      Appellant’s
Issues

On appeal, appellant raises seven
issues.  In his initial two points of
error, appellant challenges the legal and factual sufficiency of the
evidence.  In his third point of error,
appellant asserts that he was denied due process when the State knowingly
introduced Linda Jackson’s later-retracted statements through Officer
Kowis.  In his fourth and fifth points of
error, appellant contends the trial court erred in admitting Linda’s statements
through Officer Kowis because, he claims, they were hearsay and because they
allegedly violated his constitutional right to confrontation.  In his sixth point of error, appellant
requests reversal because he was convicted by a jury composed of eleven, rather
than twelve, jurors.  In his seventh and
final point of error, appellant argues that the trial court erred by excluding
the evidence that Linda later recanted some of her statements and that this
violated appellant’s right, afforded by Texas Rule of Evidence 806, to attack
her credibility.

We address appellant’s challenge to the
eleven-person jury first.  Next, we
address those issues relating to the statements Linda made to Officer Kowis and
then recanted.  Finally, we resolve
appellant’s legal and factual sufficiency challenges.

IV.      The
Right to a Twelve-Person Jury

Just before the jury was sworn, the trial
judge informed the parties that one of the jurors would be unable to
serve.  The following exchange then
occurred:

Trial
judge:   “All right.  On the record.  I’m sure the record reflects that after
the—as I was talking to the jury, before they were sworn in, one of the jurors
decided to finally admit to us she had something to do tomorrow and couldn’t
serve, even though that question had been asked by more than one person.  I brought the lawyers up to the bench to
discuss how to handle it and it’s my understanding the State is willing to
proceed with 11 jurors so we can start tomorrow.”








Prosecutor:  “That’s correct, Your Honor.”

Trial
judge:   “The defense is also in agreement
with that?”

Appellant:     “Yes, ma’am.”

Trial
judge:   “Mr. Godfrey, you’re in agreement
to going forward with the 11 jurors?  You
had an opportunity to look at them and you know which juror would be excused?”

Appellant:     “Yes, ma’am.”

Trial
judge:   “That’s all right with you, Ms.
Borg [appellant’s trial counsel]?”

Ms. Borg:     “Yes,
it is, Your Honor.”

The general rule is that not fewer than
twelve jurors can render and return a verdict in a felony case.  Hill v. State, 90 S.W.3d 308, 314
(Tex. Crim. App. 2002) (en banc) (citing
Tex. Code Crim. Proc. art. 36.29). 
But, Texas law provides for “two instances in which a trial can proceed
with eleven jurors: (1) when the parties consent under § 62.201 [of the
Government Code], and (2) regardless of the parties’ consent, when a juror dies
or becomes disabled under article 36.29(a) [of the Texas Code of Criminal
Procedure].” Id. (citing Hatch v. State, 958 S.W.2d 813, 816 n.4
(Tex. Crim. App. 1997)).  

We agree with the State’s assertion that
the parties agreed to try the case with eleven jurors pursuant to section
62.201 of the Government Code.  Appellant
contends that any agreement to proceed with an eleven-person jury was
ineffective because he did not execute a written waiver of his right to a jury
trial pursuant to article 1.13 of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. art. 1.13.[1]
          However, as we explain below,
this argument is foreclosed by our decision in Roberts v. State, 987
S.W.2d 160 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).








 In Roberts,
we rejected the argument that article 1.13 required a written waiver, instead
holding that “a waiver of a juror under section 62.201 resulting in a jury of
fewer than twelve jurors requires an affirmative record establishing that
the parties agreed to try their case with fewer than twelve jurors.”  Id. at 163 (emphasis added).  The Roberts decision was guided by the
Texas Court of Criminal Appeals’ decision in Hatch v. State, 958 S.W.2d
813  (Tex. Crim. App. 1997).   In Hatch, Judge Baird dissented,
arguing that this situation required a written waiver to harmonize article 1.13
with section 62.201.  Id. at 818
(Baird, J., dissenting).  However, the
majority held that a waiver of a jury of fewer than twelve required only an
agreement by the parties.  Id. at
815–16.  In this case, both the State and
appellant, as well as appellant’s counsel, agreed to proceed with eleven
jurors.  See id.  There is an affirmative record demonstrating
that agreement.  See Roberts, 987
S.W.2d at 163; accord Seals v. State, Nos. 14-00-00588-CR,
14-00-00589-CR, 14-00-00590-CR, 2002 WL 121941, *6 (Tex. App.—Houston [14th
Dist.] Jan. 31, 2002, pet. ref’d) (not designated for publication)
(“[A]ppellant’s waiver of a jury of twelve was valid, and the procedures under
article 1.13 are not applicable unless the entire jury is waived.”).  We conclude the trial court did not err by
proceeding with only eleven jurors and overrule appellant’s sixth point of
error.

VI.      Linda’s
Recanted Statements

In four points of error, appellant
challenges various evidentiary decisions the trial judge made regarding Linda’s
out-of-court statements.  As mentioned
previously, Officer Kowis spoke with Linda when he responded to Megan’s 911
call.  Officer Kowis testified about
Linda’s statements during his direct examination.  Later, the trial judge did not allow
appellant to introduce evidence that Linda had recanted some of her statements.









 In
his third point of error, appellant contends he was denied due process because
the State knowingly offered Linda’s statements—which the State knew Linda later
recanted— through Officer Kowis.  In his
fourth point of error, appellant asserts the trial court improperly admitted
the statements because they were hearsay. 
In his fifth point of error, appellant contends this same error violated
his right to confront the witnesses against him.  In his seventh point of error, appellant
relies upon Rule 806 of the Texas Rules of Evidence to assert the trial court
erred by refusing to allow him to attack Linda’s credibility after her
out-of-court statements were admitted into evidence.

Due Process and Confrontation
Clause Issues

As mentioned above, in his third and fifth
points of error, appellant asserts the admission of Linda’s statements through
Officer Kowis’s testimony deprived him of due process and the right to confront
the witnesses against him.  It is
well-established that a party must make a timely and specific objection to
preserve error for appellate review.  Tex. R. App. P. 33.1; Cornealius v.
State, 870 S.W.2d 169, 174 (Tex. App.—Houston [14th Dist.] 1994), aff’d,
900 S.W.2d 731 (Tex. Crim. App. 1995) (citing Tex. R. App. P. 52; Ethington v. State, 819 S.W.2d
854, 858 (Tex. Crim. App. 1991)).  If the issue raised on appeal does not comport
with the objection made at trial, then nothing is preserved for appellate
review.  Cornealius, 870 S.W.2d at
174 (citing Coffey v. State, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990)
(en banc); Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)
(en banc)).  Even constitutional issues,
such as appellant’s issues involving due process and the confrontation clause,
can be waived.  See Oveal v. State,  --- S.W.3d ---, No. 14-02-01089-CR,
2005 WL 1089187, *1 n.2 (Tex. App.—Houston [14th Dist.] May 10, 2005, no pet.
h) (substitute plurality op.) (“Accordingly, by failing to object on
Confrontation Clause grounds, appellant failed to preserve this issue for
review.”) (citing Tex. R. App. P.
33.1(a); Bunton v. State, 136 S.W.3d 355, 369 (Tex. App.—Austin 2004,
pet. ref’d); Crawford v. State, 139 S.W.3d 462, 464 (Tex. App.—Dallas
2004, pet. ref’d) (approving of Bunton)); see also Kesaria v. State,
148 S.W.3d 634, 642 (Tex. App.—Houston [14th Dist.] 2004, pet. filed) (“Because
appellant did not raise his due process argument at trial, he has failed to
preserve this point of error for our review.”) (citing Wright v. State,
28 S.W.3d 526, 536 (Tex. Crim. App. 2000); Briggs v. State, 789 S.W.2d
918, 924 (Tex. Crim. App. 1990); Castillo v. State, 79 S.W.3d 817, 827
(Tex. App.—Dallas 2002, pet. ref’d)).  








Because appellant objected only on the
basis of hearsay, and did not raise any potential confrontation clause or due
process violations at the trial court level, we do not address his third and
fifth points of error.  See Tex. R. App. P. 33.1; Cornealius,
870 S.W.2d at 174; see also Apolinar v. State, 155 S.W.3d 184, 186 (Tex.
Crim. App. 2005) (pointing out that appellant’s objection at trial was based solely
on general rule prohibiting hearsay testimony and no objection was made on the
basis of the confrontation clause); see also Oveal, 2005 WL 1089187 at
*5 n.2 (holding confrontation clause challenge not preserved for review when
that argument was not raised at trial); Kesaria, 148 S.W.3d at 642
(holding due process challenge was not preserved for review when that argument
was not raised at trial).

Hearsay








In appellant’s fourth point of error, he
asserts the trial court erred by admitting Linda’s out-of-court statements to
Officer Kowis.  Just before Officer Kowis
testified about Linda’s statements, appellant’s counsel objected on the basis
of hearsay.  However, the record does not
reflect that a ruling was obtained, nor did appellant’s counsel object to the
trial court’s failure to rule.[2]  Therefore, appellant has not preserved this
issue for review and we do not address it. 
Tex. R. App. P. 33.1(a)
(stating a prerequisite to appellate review is that the party must object and
either obtain a ruling from the trial court or object to the refusal to
rule).  

Rule 806

In his seventh point of error, appellant
argues that the trial court erred by refusing to allow him to introduce
evidence that Linda later recanted some of her statements to Officer
Kowis.  As part of its Brady disclosures,
the State revealed that Linda had recanted the statements she made implicating
appellant when Officer Kowis responded to Megan’s 911 phone call.[3]
Outside the presence of the jury, appellant’s counsel ascertained that Officer
Kowis learned from the prosecutor’s office that Linda had recanted some of her
statements.  The State objected that this
was hearsay.  Appellant’s counsel then
attempted to introduce the State’s Brady notice, which stated Linda now
denied the appellant threatened her with a knife.  Again, the State made a hearsay objection,
which the trial court sustained. 
Appellant’s counsel also asked the trial court to issue an instanter subpoena
for Assistant District Attorney Christian Capitaine so that he could testify
that Linda had recanted some of her previous statements.  The State’s hearsay objection to this
proposed testimony was also sustained. 
At that point, appellant’s counsel made an offer of proof.  








On appeal, appellant contends he had a
right to impeach Linda’s credibility under Texas Rule of Evidence 806, which
permits a party to attack the credibility of a declarant when that declarant’s
out-of-court statements are admitted.  Tex. R. Evid. 806 (“When a hearsay
statement . . . has been admitted in evidence, the credibility of the declarant
may be attacked, and if attacked may be supported by any evidence which would
be admissible for those purposes if declarant had testified as a
witness.”).  We evaluate a trial judge’s
decision to exclude evidence under an abuse-of-discretion standard.  Powell v. State, 63 S.W.3d 435,  438 (Tex. Crim. App. 2001) (“[A]n appellate
court must review a trial court’s admissibility decision under an abuse of
discretion standard.”).  We will uphold
the trial judge’s decision to exclude the evidence if it is within the zone of
reasonable disagreement.  Id.

In appellant’s case, the State offered
Linda’s statements through Officer Kowis’s testimony, presumably under the
excited utterance exception to the general rule prohibiting hearsay.[4]  Because Linda’s out-of-court statements were
admitted, Rule 806 of the Texas Rules of Evidence permitted appellant to attack
Linda’s credibility.  See Tex. R. Evid. 806.  Evidence that Linda later disavowed some of
her statements certainly reflects upon her credibility and would have been
admissible if Linda had testified as a witness. 
See Tex. R. Evid. 613(a)
(providing that witnesses can be impeached with prior inconsistent
statements).  Because appellant should
have been allowed to attack Linda’s credibility with evidence that she later
recanted some of her statements, the trial court abused its discretion in
excluding this evidence.  See Tex. R. Evid. 806; see also Marcel
v. State, 64 S.W.3d 677, 679 (Tex. App.—Houston [1st Dist.] 2001, pet.
ref’d) (holding trial court erred by refusing to admit evidence of declarant’s
prior inconsistent statement and recantation).

However, we conclude that this error does
not require reversal.  See Tex. R. App. P. 44.2(b) (stating any
error that does not affect substantial rights must be disregarded); Johnson
v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001) (en banc) (stating a
substantial right is only affected when the error has a substantial and
injurious effect or influence in determining the jury’s verdict).  Appellant’s counsel’s offer of proof was as
follows:








Ms. Borg:     Okay. 
Well, then, Judge, can I make a bill as to what I just stated?

Court: Sure.

Ms. Borg:     That
- - what I just read, that on October 9th, 2003, complainant, Linda Jackson, if
she were here to testify or Mr. Capitaine was here, he would say that she had
recanted and told him that Mr. Godfrey had choked her and pushed her on the bed
but that he never threatened her with a knife and Ms. Jackson would say that
she told Christian Capitaine that Mr. Godfrey told her that he wanted her to
cut him with a knife.  That’s it.

First, appellant’s offer of proof reflects
that Linda later denied appellant pointed a knife at her; it does not
reflect that Linda recanted her previous statement that appellant pointed the
knife at her daughter Megan, who was the complainant in this case.  Second, although her subsequent disavowal of
some of her statements to Officer Kowis does reflect negatively upon her
credibility, the statements to Officer Kowis were corroborated by the testimony
of Megan herself.  During her testimony,
Megan confirmed that appellant swung the knife at her and choked her
mother.  We conclude that any error in
excluding appellant’s evidence attacking Linda’s credibility was harmless and
overrule appellant’s seventh point of error. 
Accord Marcel, 64 S.W.3d at 679 (holding error in excluding
evidence that  declarant later recanted
her statement incriminating appellant was harmless).

VII.     Sufficiency
of the Evidence

Finally, we address appellant’s first and
second issues on appeal, in which he challenges the sufficiency of the
evidence, both legal and factual, to support his convictions. 

Legal Sufficiency








In reviewing the legal sufficiency of the
evidence to support appellant’s conviction, we view the evidence in the light
most favorable to the verdict to determine whether any rational fact-finder
could have found all of the elements of the offense beyond a reasonable
doubt.  Sanders v. State, 119
S.W.3d 818, 820 (Tex. Crim. App. 2003) (“The relevant appellate inquiry for
assessing legal sufficiency is whether, after viewing the evidence in the light
most favorable to the verdict, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.”) (citing Jackson
v. Virginia, 443 U.S. 307, 319 (1979)). 
Appellant was charged with “unlawfully, intentionally and knowingly
threaten[ing] Megan Jackson with imminent bodily injury by using and exhibiting
a deadly weapon,” namely, a knife.  See
Tex. Penal Code § 22.02
(aggravated assault).  Appellant contends
that he did not threaten Megan with imminent bodily injury and that, in the
circumstances of his case, the knife was not a deadly weapon.

We can consider a defendant’s verbal
threats, the distance between the defendant and the victim, and the witnesses’s
description of the knife to determine whether the jury could have found
appellant used the knife as a deadly weapon. 
See Revell v. State, 885 S.W.2d 206, 209 (Tex. App.—Dallas 1994,
pet. ref’d) (citing Brown v. State, 716 S.W.2d 393, 947 (Tex. Crim. App.
1986)).  The following evidence would
permit a rational fact-finder to find beyond a reasonable doubt that appellant
threatened Megan with imminent bodily injury and that the knife was a deadly
weapon.  

Megan left appellant in her mother’s room
to call the police after appellant’s argument with her mother intensified.  When Megan returned to her mother’s bedroom,
she saw appellant choking her mother with his right hand and holding the knife
with his left hand.  Megan testified that
appellant raised the knife and swung it toward her when she ran into the room
toward appellant and her mother.  Megan
was about two feet away from appellant when he swung the knife at her.  Megan testified that she thought she would be
cut by the knife and that she was so close that she had to duck out of the way
or possibly be struck by the knife. 
Megan testified that the knife was a “big old butcher’s knife.”  Officer Kowis testified that he had
investigated cases involving knives as part of his training and experience as a
deputy with the Harris County Sheriff’s Department.  In his opinion, the knife appellant used was
capable of causing death or serious bodily injury.  See Revell, 885 S.W.2d at 209 (noting
expert testimony could be particularly useful with regard to the deadly nature
of a weapon) (citing Davidson v. State, 602 S.W.2d 272, 273 (Tex. Crim.
App. [Panel Op.] 1980)).  In addition,
the knife was admitted into evidence.








This evidence would allow a rational jury
to find beyond a reasonable doubt that appellant threatened Megan Jackson with
imminent bodily injury and that he used and exhibited the knife in a way that
was capable of causing death or serious bodily injury.  See Jackson, 443 U.S. at 319;
Sanders, 119 S.W.3d at 820.  We
overrule appellant’s legal sufficiency challenge. 

Factual Sufficiency

In a challenge to the factual sufficiency
of the evidence, we view the evidence in a neutral light, without the prism of
the light-most-favorable-to-the-verdict, to determine if the  jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004).  The evidence may be factually insufficient in
two ways.  Id. at 484–85.  First, the evidence that supports the verdict
may be too weak to support a finding of guilt beyond a reasonable doubt.  Id. at 484.  Second, the evidence that is contrary to the
verdict may be so strong that the beyond-a-reasonable-doubt standard could not
have been met.  Id. at 485.  

We already have reviewed the evidence that
supports the verdict in response to appellant’s legal sufficiency
challenge.  Megan testified about
appellant’s actions with the knife and her fears for her own safety.  Officer Kowis opined that the knife appellant
used was capable of causing serious bodily injury or even death and, because
the knife was admitted into evidence, the jury was able to make that
determination.  Even when we view this
evidence in a neutral light, we conclude that it is sufficient to allow a
rational jury to find guilt beyond a reasonable doubt.  See Zuniga, 144 S.W.3d at 484.








In support of his contention that the
evidence is factually insufficient, appellant argues that turning toward Megan
and swinging the knife at her was a “reflex action” in response to Megan’s
rushing into the room toward him.  The
jury was entitled to determine whether appellant swung the knife at Megan
intentionally and knowingly, as the indictment alleged, or purely as a reflex,
as appellant maintains.  See, e.g.,
Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000) (en banc) (“[D]ue
deference must be accorded to the fact finder’s determinations . . . .”); see
also McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) (en banc)
(stating that the definition of “deadly weapon” in the Texas Penal Code does
not require that the actor intend to actually use deadly force).  Moreover, the fortunate fact that Megan was
not injured does not mean the jury could not rationally conclude that,
nevertheless, it was appellant’s intent to threaten her with bodily injury by
using and exhibiting the knife.  See
Miller v. State, 846 S.W.2d 365, 369 (Tex. App.—Houston [14th Dist.] 1992,
no pet) (“Wounds need not be inflicted before a knife can be determined to be a
deadly weapon . . . .”) (citing Davidson v. State, 602 S.W.2d 272, 273
(Tex. Crim. App. 1980)); see also Revell, 885 S.W.2d at 209 (“A person
need not be wounded for a knife to be used as a deadly weapon.”) (citing Denham
v. State, 574 S.W.2d 129, 130 (Tex. Crim. App. 1978)).  Appellant also points out that he did not
verbally threaten Megan and she was not injured.  The absence of a verbal threat on appellant’s
part does not constitute overwhelming contrary evidence.  Accord Revell, 885 S.W.2d at 210
(stating appellant’s use of physical force with the knife showed assertive
conduct sufficient to support the jury’s verdict despite lack of a verbal
threat).  We cannot say the contrary
evidence appellant points to is so strong that the beyond-a-reasonable-doubt
standard could not have been met.  See
Zuniga, 144 S.W.3d at 485. We overrule appellant’s factual sufficiency
challenge.  

VIII.    Conclusion

We have examined all of appellant’s issues
that were preserved for appellate review and concluded that none merits
reversal.  Therefore, we affirm
appellant’s conviction. 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Memorandum Opinion filed May 26, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 











[1]  Appellant also
urges reversal because his verdict was not signed by all of the eleven members
of the jury that convicted him, as article 36.29 requires.  See Tex.
Code Crim. Proc. art. 36.29 (‘providing that the verdict “shall be
signed by every member of the jury concurring in it” when the verdict is
rendered by fewer than twelve people). 
However, appellant did not object before the jury was excused from
service.  Thus, he has not preserved any
complaint on appeal.  See Tex. R. App. P. 33.1(a).  Similarly, appellant argues the trial court
erred by failing to conduct a hearing regarding whether to dismiss the twelfth
juror, summon additional venire members, or declare a mistrial.  Because appellant never requested that the
trial court hold such a hearing, he has not preserved this complaint
either.  See id. 





[2]  The exchange
at trial occurred in the following manner:

Prosecutor:                    What did [Linda Jackson]
tell you?

Appellant’s counsel:        Your Honor, I’m going to object.  It’s hearsay.

Prosecutor:                    What did she tell you about
what had happened in the house that night?

Officer Kowis:               She advised me that she was drug
back into the residence from the front yard by her shirt.  She further stated that - - if I can
reference my report - - 

Prosecutor:                    Did she say who had drug her
through the house?

Officer Kowis:               Yes.

Prosecutor:                    Who did she say drug her
through the house?

Officer Kowis:               Mr. Godfrey.

Prosecutor:                    Were you able to ascertain
the relationship between them?

Officer Kowis:               She advised common-law wife.

Prosecutor:                    After he drug her back into
the house, what did she say he did next?

Officer Kowis:               She said that he grabbed her
around the neck, threw her onto the bed, was holding her by her neck while he
was screaming at her.

Prosecutor:                    Then what did she tell you?

Officer Kowis:               Stated that he obtained a knife,
which was later recovered, and pointed it at her in a stabbing motion or
directed at her as though he was going to stab her is what she stated.

Prosecutor:                    What did she tell you happened
next?

Officer Kowis:               At this point her daughter
[Megan] and her were both speaking.  Her
daughter was obviously excited in an upset kind of way as well.  She stated her daughter tried to help her, was
ineffective, and that was pretty much it.

Prosecutor.                    Did she tell you whether or
not the defendant directed any action towards Megan when Megan tried to help
her?

Officer Kowis:               Yes.

Prosecutor:                    What did she tell you that
he did?

Officer Kowis:               She
stated he pointed the knife at [Megan] and told her to get back.





[3]  The Due
Process Clause of the Fourteenth Amendment to the United States Constitution
requires the State to disclose evidence favorable to the defendant when the
evidence is material to guilt or punishment, including evidence that can be
used to impeach the State’s witnesses.  See
Arroyo v. State, 117 S.W.3d 795, 796 n.1 (Tex. Crim. App. 2003).  





[4]  Officer Kowis
testified about Linda’s demeanor at the time she made statements to him,
stating that Linda was “crying,” “extremely upset,” and that her statements
were related to the event that caused her to be so upset.