Opinion filed July 24, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 24,
2008

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00348-CR 

                                                     __________

 

JUAN GILBERTO FLORES, Appellant

 

V.

 

STATE OF TEXAS, Appellee

 



 

On Appeal from the 259th District Court

 

 Jones County, Texas

 

Trial Court Cause No. 9028

 



 

                                              M E
M O R A N D U M   O P I N I O N

A
jury found Juan Gilberto Flores guilty of aggravated sexual assault, and the
trial court assessed his punishment at confinement for sixty years.  We affirm.

There
is no challenge to the sufficiency of the evidence.  








On
the second day of the jury trial, a member of the jury sent a note to the trial
court in which he said, AI
didn=t know the little
girl that was on the stand yesterday was my wife=s
niece=s little girl. 
So I=m letting you
know what the situation is.@ 
The trial court questioned the juror outside the presence of the other members
of the jury.  The juror indicated that his relationship with the victim=s family might affect his
ability to be a fair juror.  This excerpt from the record reflects what
happened next:

THE
COURT:  Mr. Boaz [Flores=s
trial counsel], what does the Defense desire?

 

[DEFENSE
COUNSEL]:  Judge, we would ask the Court to declare Juror Perez disabled under
Article 36.29 of the Texas Code of Criminal Procedure and release him.  He has
indicated that probably the child victim . . . really won=t affect his ability to
fully and fairly function as a juror even though she=s his wife=s
niece=s child.  However,
he=s been informed
that the wife=s niece
. . . will testify for the State and he has indicated to the Court from
questions by the Court that he will probably believe that witness and when
asked by the Court would it affect his ability to give the Defendant a fair and
impartial trial he said it could very well affect it.  So we believe that he
has become -- he is disabled.  And in all fairness to the juror, counsel --
both counsel were probably not thorough enough in our examination during voir
dire, but what has happened is he really didn=t
know he knew these people until he actually saw them.  And, of course, that can
jog the memory.  It did in this case, and he is obviously an honest and good
man and came forth to let us all know about it, and, unfortunately, when his
wife=s niece . . .
testifies he=s
probably going to believe her automatically, and so we would ask that he be
excused.

 

[PROSECUTOR]: 
Judge, the State has no objection to excusing this juror under Article 36.29
and proceeding with 11.

 

[DEFENSE COUNSEL]: 
And, Judge, as I read Article 36.29 since we haven=t charged the jury yet, the remaining 11
jurors have the power to go ahead and render a verdict in the case as long as
the verdict is unanimous and they follow the procedure on each -- all 11 will
have to sign not just the presiding juror on the verdict form.  That=s how I read 36.29.

 

THE COURT: All
right.  I=m going to
declare Juror No. 12 disabled and we will proceed to trial with only the 11
jurors.

 

Flores
brings one issue on appeal.  In that issue, he claims that the trial court
erred when it proceeded with eleven jurors under Tex. Code Crim. Proc. Ann. art. 36.29 (Vernon Supp. 2007)
rather than under Tex. Gov=t Code Ann. ' 62.201 (Vernon 2005).

Article
36.29(a) provides in relevant part:








Not less than
twelve jurors can render and return a verdict in a felony case.  It must be
concurred in by each juror and signed by the foreman.  Except as provided in
Subsection (b), however, after the trial of any felony case begins and a juror
dies or, as determined by the judge, becomes disabled from sitting at any time
before the charge of the court is read to the jury, the remainder of the jury
shall have the power to render the verdict; but when the verdict shall be
rendered by less than the whole number, it shall be signed by every member of
the jury concurring in it.

 

Section 62.201 provides, AThe
jury in a district court is composed of 12 persons, except that the parties may
agree to try a particular case with fewer than 12 jurors.@

The
court in Hatch v. State, 958 S.W.2d 813 (Tex. Crim. App. 1997),
harmonized Article 36.29(a) and Section 62.201 by holding that the requirements
under Article 36.29(a) could be waived by agreement in accordance with Section
62.201.  Hatch, 958 S.W.2d at 816.  The record must establish
affirmatively that the parties have agreed to proceed with the trial with fewer
than twelve jurors. Roberts v. State, 987 S.W.2d 160, 163 (Tex. App.CHouston [14th Dist.]1999,
pet. ref=d).  Here,
the record is clear that the parties agreed to release the juror and to proceed
with eleven jurors.  Even if the trial court was incorrect in its reasons for
releasing the juror and in proceeding with eleven jurors, we will uphold that
ruling if it can be sustained under any applicable theory.  Id. at 162. 
Section 62.201 authorized the action taken by the trial court.  Id.

Further,
the trial court did exactly what Flores asked it to do.  The trial court did
not commit error by releasing the juror and proceeding with eleven jurors; but,
even if it did, Flores invited the error.  The law of invited error estops a
party from claiming error on appeal that arose because of an action it
induced.  Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999).








Flores
advances the argument that the defendant must personally waive his right to be
tried by a jury of twelve.  That claim is similar to the position rejected by
the majority and taken by the dissent in Hatch.  There, the defendant did
not sign a written waiver of his right to be tried by twelve jurors, yet the
trial court=s action
in proceeding with eleven jurors was upheld.  If a defendant waives a jury,
there are certain requirements that must be met in order for the waiver to be
effective.  For instance, Tex. Code
Crim. Proc. Ann. art. 1.13(a) (Vernon 2005) provides in part that, to
waive a jury effectively, the waiver must be made by the defendant in person,
in writing, and in open court.  In Hatch, the court pointed out that
there was a distinction between a defendant who agrees to be tried by fewer
than twelve jurors and one who is waiving his right to a jury entirely.  Hatch,
958 S.W.2d at 816.  The requirements set forth in Tex. Code Crim. Proc. Ann. arts. 1.13(a), 1.14,  1.15 
(Vernon 2005) relate to the waiver of a jury trial, not to a waiver resulting
in a trial by fewer than twelve jurors.  Roberts, 987 S.W.2d at 162
(citing Hatch, 958 S.W.2d at 815). 

It
is affirmatively shown in the record that Flores asked the court to discharge
the juror and also asked to proceed with eleven jurors.  The State agreed.  The
parties are deemed to have agreed to proceed with fewer than twelve jurors. 
The provisions of Article 36.29(a) and Section 62.201 have been met. 

Moreover,
no complaint has been preserved for appellate review.  Tex. R. App. P. 33.1(a).  Flores=s sole issue on appeal is overruled.

We
affirm the judgment of the trial court.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 24, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright. C.J.,

McCall, J., and Strange, J.