**Michael MARCEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–00–00885–CR, 01–00–01140–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 27, 2001.

James M. Leitner, Houston, for Appellant.

John B. Holmes, District Attorney, Donald W. Rogers, Jr., Assistant District Attorney, Houston, for the State.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

MURRY COHEN, Justice.

### I.

### Appellate Court Cause No. 01–00–01140–CR

### Trial Court Cause No. 825982

A jury convicted appellant of aggravated sexual assault, and the judge assessed punishment at thirty years in prison. We affirm.

### FACTS

On July 18, 1999, appellant was babysitting T.G., the complainant, because her mother, Latonya W., was working the night shift. Latonya W. arrived home around 11:30 p.m. and put the children to bed at midnight. Latonya W. went to bed thirty minutes later. Appellant remained in the living room watching television after Latonya W. and the children went to bed.

Latonya W. was awakened by noise coming from her daughters' room. When Latonya W. turned on the light, appellant jumped out of the girls' bed. Latonya W. pulled back the covers on the girls' bed

and saw that T.G. was wearing a shirt, but she was not wearing any underwear. Latonya W. saw appellant in the living room with his pants undone. Appellant then called T.G.'s father, Tarus. Appellant told Tarus that he had just finished "f——ing" Tarus's daughter.

The paramedics arrived at T.G.'s residence. Tracy Bierig, an E.M.T. (emergency medical technician), was the first adult to speak with T.G. T.G. told Bierig that appellant had molested her with his finger.

### IMPEACHMENT OF DECLARANT

■ Appellant's first point of error alleges that the trial judge erred by not allowing him the opportunity to attack T.G.'s credibility through prior inconsistent statements.

■ We review the admission or exclusion of evidence for abuse of discretion. *Goff v. State*, 931 S.W.2d 537, 553 (Tex. Crim.App.1996). Bierig testified to what T.G. had told her about the incident that evening. Later, appellant called Latonya W. to testify. Appellant sought to question Latonya W. about T.G.'s having recanted her accusations against appellant. The State objected to the testimony as hearsay. The trial judge sustained the objection. Appellant then made an offer of proof.[1] TEX.R. EVID. 103(a)(2).

The victim, T.G., never testified in this case. Instead, important parts of the

---

1. The State contends that appellant did not make an adequate offer of proof, but he did:
   Appellant: After this happened last July you spoke with T.G. about this on several occasions?
   Latonya W.: Yes.
   Appellant: She told you that—
   State: Objection. This calls for hearsay.
   Court: Sustained.
   Appellant: May I approach, judge?
   Appellant: May I respond to that [objection]?

   Court: Yes, sir.
   Appellant: The prosecutor has put on evidence that T.G. has made certain allegations against my client, and I would like to be given the opportunity to put on evidence that *she has, in fact, recanted* or changed that testimony or changed her story since the night of July 18, 1999, and that [is] the object of putting this witness on.
   Court: I've sustained the objection.
   (Emphasis added.)

State's case consisted of admissible hearsay, including T.G.'s outcry statements to Bierig at the scene, to Dr. Zwerneman at the hospital, and to Detective Dennis.

The State cannot try a case based largely on T.G.'s hearsay statements, without calling her as a witness, and then legitimately object when appellant seeks to admit T.G.'s other inconsistent hearsay statements to impeach her. *See* TEX.R. EVID. 806 ("When a hearsay statement ... has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported by any evidence which would be admissible for those purposes if declarant had testified as a witness ..."); *see Harrison v. State*, 686 S.W.2d 220, 226 (Tex.App.-Houston [1st Dist.] 1984, pet. ref'd). Thus, the judge erred by refusing to admit evidence of T.G.'s prior inconsistent statement and recantation.

■ The error was harmless, however. *See* TEX.R.APP. P. 44.2(b). Appellant was caught in the act by Latonya W. and never denied his guilt to her. Far from it, appellant promptly, proudly, and repeatedly proclaimed his guilt, calling Tarus to brag that he had just finished molesting T.G. Given these facts, we conclude the erroneous exclusion of the evidence did not substantially injure the appellant. *See Johnson v. State*, 43 S.W.3d 1, 5 (Tex.Crim.App. 2001).

Consequently, we overrule appellant's first point of error.

The rest of the opinion does not meet the standards for publication and is ordered not to be published. *See* TEX.R.APP. P. 47.4. The judgments are affirmed.