Opinion issued March 31, 2005.


 











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-01347-CR
  ___________
 
MILTON CARDELL PARKER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 841581
 

 
 
MEMORANDUM OPINION
          The State filed a motion to revoke appellant’s, probation, claiming that he had
violated the terms and conditions of his probation. After finding the allegations to
be true, the trial court revoked appellant’s probation and assessed a $750 fine and
confinement for five years in prison. In one point of error, appellant contends that the
trial court abused its discretion in revoking his probation. We affirm. 
Background
          Appellant received eight years probation for possession of a controlled
substance. Appellant testified that he violated the terms and conditions of this
probation by committing a new offense, evading arrest. After appellant pleaded true,
the State introduced the following evidence. 
          Houston Police Officer J. Vasquez testified that, on September 8, 2003, he was
on patrol and, upon seeing appellant’s car, discovered that appellant “had warrants
registered to his license plate.” When Vasquez first attempted to stop him, appellant
would not stop, and “he evaded for approximately several blocks.” Appellant “went
through several stop signs, stoplights and also went through an individual’s yard . .
. and continued to pursue on foot evading from” Vasquez and his partner. The
“chase” began on a major intersection and continued through a residential
neighborhood with speeds exceeding 60 to 70 miles per hour. Appellant testified that
he ran from the police because he “got scared” and “panicked.” 
Probation Revocation
           We review an order revoking probation for abuse of discretion. Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Marcel v. State, 64 S.W.3d 677,
679 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). Regardless of the reasons
given by the trial judge for revoking probation, if evidence supports the judge’s
decision, that decision will not be disturbed on appeal. Jackson v. State, 508 S.W.2d
89, 90 (Tex. Crim. App. 1974). 
          On appeal, appellant admits that he evaded arrest, but asserts that he had a
“valid explanation or defense to the allegation”—he “panicked, was afraid of losing
all he had worked so hard for, and was attempting to hire an attorney to assist him.”


 
We hold that the trial court did not abuse its discretion in revoking appellant’s
probation.
Conclusion
          We affirm the trial court’s judgment.
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).