Opinion Issued April 30, 2009









Opinion Issued April 30,
2009

 

 

 

 

 

 

 

 

 

 

 

 

 










 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00603-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KATHY CAMPBELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 48583

 








 



MEMORANDUM OPINION

          The State indicted
appellant Kathy Campbell for the offense of burglary of a building.  She
pleaded guilty in accord with a plea bargain with the State.  The trial court
deferred adjudication and placed Campbell on community supervision for two
years.  Campbell did not appeal.  Campbell subsequently used controlled
substances and thus violated the conditions of her community supervision.  The
State moved to adjudicate guilt and later amended its motion.  The trial court
found that Campbell had violated terms of her community supervision, entered a
finding of guilty on the original burglary charge, and sentenced Campbell to two years’ confinement.  The trial court then suspended the sentence of
confinement and placed Campbell on community supervision for five years. 
Campbell appeals, alleging in four issues that (1) her original guilty plea is
invalid because the it is not supported by the evidence; (2) the evidence of
Campbell’s probation violations was more prejudicial than probative; (3) the
trial court erred in enhancing her community supervision period; and (4) the
trial court should have considered evidence of mitigating factors in
sentencing. 

Background

On May 4, 2005, Campbell pled guilty to the offense of burglary of a building.  The trial court sentenced Campbell to two years’ deferred adjudication community supervision.  On September 6, 2006,
the State moved to adjudicate guilt. The State alleged twenty violations of Campbell’s community supervision.  It later amended its motion to adjudicate to allege an
additional fourteen violations.   Campbell pleaded not true to all of the
allegations.  The court heard testimony from the State’s witness as well as
from Campbell and her witnesses.  After hearing the evidence, the court found
nine of the allegations to be true, relating to her use or consumption of
controlled substances, her failure to report to her probation officer, and her
failure to submit to a urinalysis test.  The trial court revoked Campbell’s community supervision, entered a finding of guilty for the original offense of
burglary of a building, and assessed Campbell’s punishment at two years’
confinement in a state jail facility.  The trial court then suspended that
sentence and placed Campbell on community supervision for a period of five
years. 

Discussion

          Campbell contends that the
trial court erred in four different ways in revoking her community supervision
and adjudicating her guilt for the original crime.  First, Campbell contends that
the evidence is insufficient to support her original guilty plea, and that her
plea was involuntary.  Second, Campbell argues that the evidence of her
probation violations is more prejudicial than it is probative.  Third, Campbell contends that the trial court erred in enhancing her original supervision more
than was allowed by law.  Fourth, Campbell contends that the trial court erred
in failing to consider mitigating evidence in sentencing.

Original Guilty Plea

Campbell contends that insufficient evidence
exists to support her original guilty plea and that her guilty plea was
involuntary.  We hold that these contentions are untimely.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2008); Manuel v. State, 994 S.W.2d 658, 661–62
(Tex. Crim. App. 1999).  A defendant placed on deferred adjudication community
supervision may raise issues related to the original plea proceeding only if
she appeals at the time the trial court imposes deferred adjudication community
supervision.  Manuel, 994 S.W.2d at 661–62; Guillory v. State, 99
S.W.3d 735, 738 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).  The Court of
Criminal Appeals, in Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App.
2001), recognized two exceptions to the general rule:  (1) the void judgment
exception, and (2) the habeas corpus exception.  Campbell’s complaints
regarding sufficiency of the evidence and the voluntariness of her plea do not
fit within either of these exceptions:  she does not contend that the original
judgment is void, and Campbell’s appeal is not a request for a writ of habeas
corpus.

Prejudicial Impact of the Evidence of
Violations

Campbell argues that the “sheer volume of
violations of probation” presented in the motion to adjudicate was an
exaggeration and the evidence was inaccurately presented to the court because
it contained redundancies.  Campbell, however, did not object to the admission
of the evidence of violations and does not specify on appeal which evidence was
unduly prejudicial.  To preserve error for review, an adverse ruling must
follow a timely and specific objection.  See Tex. R. App. P. 33.1(a).  To be timely, an objection must be
raised at the earliest opportunity or as soon as the ground of objection
becomes apparent.  See Martinez v. State, 867 S.W.2d 30, 35 (Tex. Crim. App. 1993).  Campbell never made a Rule 403 objection at the hearing on the
motion to adjudicate.  Thus, we hold that Campbell’s challenge to the
prejudicial nature of the evidence is not preserved.

Enhancement of Original Supervision

As her fourth point of
error, Campbell claims that the trial court erred in enhancing her original
community supervision.  We hold that the trial court did not commit error
because it did not enhance the original supervision. Campbell was first
sentenced to two years’ deferred adjudication for burglary on May 4, 2005.  The
State later moved to adjudicate guilt on September 6, 2006, before Campbell completed her probationary period.  A court is authorized to hear and adjudicate
guilt, as long as the state files a motion to proceed with the adjudication and
a capias is issued for the arrest of the defendant before the expiration of the
community supervision period.  Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(h) (Vernon 2006).  The trial court
found that Campbell had violated some of the terms and conditions of her
community supervision.  Consequently, the trial court adjudicated Campbell guilty of the previous charge of burglary of a building, revoked Campbell’s probation, and sentenced her to two years in a state jail facility.  The trial
court then suspended that sentence and placed Campbell on community supervision
for five years.  Campbell’s original community supervision thus was not
extended or enhanced.  Rather, the trial court found Campbell guilty on her
previous charge and then imposed a new punishment.  Because there was no
enhancement of the original community supervision, we hold that the trial court
did not err in sentencing Campbell to five years of community supervision.

Mitigating Evidence

Finally, Campbell alleges that there were mitigating elements that the trial court should have
considered, and that the court erred in entering a conviction because the
evidence was insufficient to prove the violations alleged.  In deciding whether
the State met its burden of proving the violations by a preponderance of the
evidence, the trial court must consider all of the evidence.  Battle
v. State, 571 S.W.2d 20, 22 (Tex. Crim. App. 1978) (citing Grant v.
State, 566 S.W.2d 954, 956 (Tex. Crim. App. 1978)).  We review an order
revoking probation for abuse of discretion by the trial court.  Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Marcel v. State,
64 S.W.3d 677, 679 (Tex. App.—Houston [1st Dist.] 2001, no pet.).  In
determining questions regarding sufficiency of the evidence in probation
revocation cases, the burden of proof is by a preponderance of the evidence.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006).  The
preponderance of the evidence standard is met when the greater weight of the
credible evidence creates a reasonable belief that the defendant has violated a
condition of his probation. Id. at 763–64.  We examine the
evidence in the light most favorable to the trial court’s order, keeping in
mind that, as the sole trier of fact, a trial court determines the credibility
of witnesses.  See Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); Jones
v. State, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet.
ref’d).  To support the trial court’s order to adjudicate guilt, the State must
only establish one ground sufficient for revocation. See Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (holding that one sufficient ground
for revocation of probation is enough to support trial court’s decision).  

The State offered the
testimony of Sara Smart, Campbell’s probation officer, in support of its motion
for revocation of Campbell’s community supervision.  Smart testified that Campbell tested positive for cocaine and amphetamines/methamphetamines on May 18, 2006.  On
June 21, 2006 Campbell admitted to using Adderall illegally.  On February 1,
2007 Campbell again tested positive for amphetamines/methamphetamines.  Smart
testified that in June and July of 2006, Campbell failed to report to her
supervision officer.  Smart also testified that Campbell failed to submit urine
specimens for testing on July 19 and 21, 2006, on November 28, 2006,
and on April 4 and 5, 2007, even though Smart requested them from Campbell.  We hold that the preponderance of the evidence supports the trial judge’s
finding that allegations 1, 2, 3, 17, 26, 28, 31, 32, and 33 of the motion to
adjudicate guilt are true and that Campbell therefore violated the terms of her
community supervision.  

Campbell claims that she provided prescriptions
to account for her failed urinalysis tests, and the probation officer failed to
acknowledge these prescriptions.  Smart testified that on June 21, Campbell reported for an office visit and signed an admission for illegal use of Adderall
without a prescription.  Smart testified that Campbell tested positive for
amphetamines/methamphetamines on a urinalysis taken on February 1, 2006.  Here,
evidence of prescriptions would have been moot:  Campbell admitted to using
Adderall illegally, and she tested positive for cocaine and methamphetamines,
for which she provided no prescriptions.

Finally, Campbell contends that she was intimidated by her probation officer, which caused problems
during her probation process.  Campbell does not specify how this feeling of
intimidation interfered with her fulfillment of the terms of her deferred
adjudication.  Campbell does not cite to any authority to support her claim
that intimidation is a valid excuse for a violation of the terms of her
deferred adjudication.  Furthermore, the trial court need only have found that Campbell violated one term of her probation.  Presumably, Campbell’s feeling of
intimidation would have had no effect on the results of her urinalysis tests. 
The fact that Campbell tested positive for cocaine and
amphetamines/methamphetamines is enough to support the finding that she
violated the terms of her community supervision.

Campbell argues that the trial court should
have considered these “mitigating factors” in determining her sentence.  We
must assume that the trial court considered all of the evidence in determining Campbell’s sentence.  It initially sentenced Campbell to two years in a state jail
facility, and then suspended the sentence and put her on community supervision
for five years.  The lesser sentence imposed by the trial court indicates that
the trial court considered all of the evidence in the sentencing process.

Conclusion

Campbell’s complaints about the sufficiency
of the evidence to support her original guilty plea and the voluntariness of
that plea are not timely, and thus we do not consider those issues.  We hold
that the evidence is legally and factually sufficient to support the revocation
of Campbell’s community supervision and adjudication of her guilt, that the
trial court did not err in considering all of the alleged violations, and that
the trial court did consider mitigating evidence.  Further, upon revocation of
parole, the trial court imposed a new sentence, which did not constitute an
enhancement of the previous sentence.  We therefore affirm the judgment of the
trial court.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Judges Taft, Bland,
and Sharp.

Do not publish.  Tex. R. App. P. 47.4